IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| APL CO. PTE LTD., : | |
| Plaintiff, : | |
| v. : | Civil Action No: |
| UNITED SUPPLY CO. LTD., : | |
| and : | |
| A cargo of 1700 Cartons of Frozen Shrimp Transported from Khulna, Bangladesh to South Kearny, New Jersey, pursuant to Bill of Lading No. APLU-054094784 dated September 25, 2005, *in rem*, : | |
| Defendants. : | |

## VERIFIED COMPLAINT

Plaintiff APL Co. Pte. Ltd. ("APL"), by and through its attorneys, Hollstein Keating Cattell Johnson & Goldstein, PC, for its Complaint against defendant United Supply Co. Ltd. ("United"), *in personam*, and defendant cargo of 1700 Cartons of Frozen Shrimp Transported from Khulna, Bangladesh to South Kearny, New Jersey, pursuant to Bill of Lading No. APLU-054094784 dated September 25, 2005, *in rem* (the "Cargo") alleges as follows:

## PARTIES

1. APL is a common carrier of goods by water for hire organized and existing under the laws of Singapore with an office and principal place of business at 456 Alexandra Road, NOL Building, Singapore, 119962.

2. United is a business entity engaged in the import of goods from abroad, organized under the laws of Kansas with an office and principal place of business at 1805 Grand Avenue, 5th Floor, Kansas City, MO, 64108. Upon information and belief, United's status as a business entity under the laws of Kansas has been forfeited.

## JURISDICTION

3.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Plaintiff invokes the maritime procedures specified in Rule 9(h). This court has subject matter jurisdiction pursuant to 28 U.S.C. §1333 and Supplemental Jurisdiction under 28 U.S.C. § 1367. This Court also has diversity jurisdiction under 28 U.S.C. §1332 as the parties are citizens of a state and a foreign state and the amount in controversy exceeds $75,000.

## FACTS

4.    APL agreed to transport the Cargo, pursuant to Bill of Lading No. APLU-054094784 dated September 25, 2005 (the "Bill of Lading") on behalf of shipper Shampa Ice & Cold Storage Ltd. ("Shampa") from Khulna, Bangladesh, to New York, New York. The Bill of Lading was consigned to the order of Sonali Bank and designated Southern Foods USA, Inc. ("Southern") as Notify Party.

5.    On or about October 31, 2005, Southern forwarded the original Bill of Lading, endorsed by Sonali Bank, to APL's South Kearny, NJ, Container Terminal (the "Terminal") and requested delivery instructions.

6.    On or about November 15, 2005, the Cargo arrived at the Terminal, but through a clerical error, APL gave delivery instructions to United.

7.    On or about November 18, 2005, United intentionally took delivery of the Cargo, knowing it had no title or right to possess the cargo, and had not surrendered an endorsed bill of lading entitling United to possession of the Cargo. United transported the cargo to Burris Retail Logistics, 111 Reese Avenue, Harrington, DE, 19952 ("Burris") for storage. Upon information and belief, Burris remains in custody of the Cargo.

8.    Upon discovering Southern had presented the endorsed Bill of Lading and United had not presented any bill of lading, APL contacted United and demanded the return of the Cargo for delivery to Southern, the holder in due course of the endorsed Bill of Lading.

9.    United refused, and continues to refuse, to return the Cargo to APL, despite never presenting or ever being in possession of an endorsed bill of lading designating United as Consignee or Notify Party or any other document of title or evidence of right to possession of the Cargo.

10. As a result of United's refusal to return the Cargo to APL, Southern submitted a claim to plaintiff for $176,800, representing the value of the Cargo, on December 2, 2005.

11. Pursuant to the terms of the Bill of Lading and the Carriage of Goods by Sea Act, 46 U.S.C. § 1300 *et. seq.*, APL is entitled to possession of the Cargo until delivery to a holder in due course of the endorsed Bill of Lading, such as Southern.

12. APL faces damages in the amount of $176,800 if United does not return and liquidates the Cargo.

## COUNT I

### RELIEF PURSUANT TO SUPPLEMENTAL RULE D FOR CERTAIN ADMIRALTY AND MARITIME CLAIMS

13. By reason of the preceding premises, APL is entitled to immediate possession of the Cargo, which constitutes maritime property shipped pursuant to a maritime contract, pursuant to Supplemental Rule D for Certain Admiralty and Maritime Claims of the Fed.R.Civ.P. ("Supplemental Rule D").

## COUNT II

### REPLEVIN

14. By reason of the preceding premises, United has unlawfully detained the Cargo from APL, which is entitled to its possession and recovery pursuant to 10 Del. C. § 3905.

## COUNT III

### CONVERSION

15. By reason of the premises, United has wrongfully converted the Cargo from APL and exposed it to damages in the amount of at least $176,800.

**WHEREFORE**, APL demands judgment against United:

A. Directing the immediate turnover of the Cargo to APL pursuant to Fed.R.Civ.P. Rule 64, Supplemental Rule D and/or 10 Del. C. § 3905;

B.    Directing the United States Marshal to arrest/seize the Cargo pursuant to Fed.R.Civ.P. Rule 64, Supplemental Rule B and/or 10 Del. C. § 3905 and turn the same over to APL pending a final hearing in this matter;

C.    Directing United to pay damages as may have been caused by the wrongful and unlawful conversion of the Cargo; and

D.    Directing that APL have such other and further relief as the Court may deem just and proper.

HOLLSTEIN KEATING<br>
CATTELL JOHNSON & GOLDSTEIN, PC<br><br>
By: _____<br>
Lynne M. Parker, Esq. (No. 2811)<br>
1201 N. Orange Street, Suite 730<br>
Wilmington, Delaware 19801<br>
Phone #: (302) 884-6700<br>
Fax #: (302) 573-2507<br>
Attorneys for APL Co. Pte. Ltd.

<u>Lead Counsel</u>

Edward V. Cattell, Jr., Esq.
HOLLSTEIN KEATING CATTELL
JOHNSON & GOLDSTEIN, PC
Eight Penn Center
1628 John F. Kennedy Boulevard
Suite 2000
Philadelphia, PA 19103
Phone#: (215) 320-3260
Fax#: (215) 320-3261

and

Jack A. Greenbaum, Esq.
Matthew H. James, Esq.
HEALY & BAILLIE, LLP
61 Broadway
New York, NY 10006
Phone #: (212) 943-3980
Fax # (212) 425-0131

## VERIFICATION

STATE OF DELAWARE     )
                     : ss.:
COUNTY OF NEW CASTLE  )

Lynne M. Parker, Esq., being duly sworn, deposes and says:

1. I am a member of the bar of this Honorable Court and of the firm of Hollstein Keating Cattell Johnson & Goldstein, PC, attorneys for the Plaintiff.

2. I have read the foregoing Complaint and upon information and belief, I believe the contents thereof are true.

3. The reason this Verification is made by deponent and not by Plaintiff is that Plaintiff is a foreign corporation, no officer or director of which is within this jurisdiction.

4. The sources of my information and belief are documents provided to me and statements made to me by representatives of the Plaintiff.

_____
Lynne M. Parker, Esq.

Sworn to before me this
7th day of December 2005

_____
Notary Public

DARLENE M. LORE
NOTARY PUBLIC OF NEW JERSEY
Commission Expires 7/6/2008