

# HOLLSTEIN KEATING
## CATTELL JOHNSON & GOLDSTEIN P.C.

| PENNSYLVANIA OFFICE | ATTORNEYS AT LAW | NEW JERSEY OFFICE |
|---|---|---|
| Suite 2000, Eight Penn Center | | Willow Ridge Executive Office Park |
| 1628 John F. Kennedy Boulevard | 1201 NORTH ORANGE STREET, SUITE 730 | 750 Route 73 South – Suite 301 |
| Philadelphia PA 19103 | WILMINGTON, DE 19801 | Marlton, NJ 08053 |
| (215) 320-3260 | (302) 884-6700 | (856) 810-8860 |
| FAX (215) 320-3261 | | Fax (856) 810-8861 |

Lynne M. Parker  
Member NJ, PA & DE Bars

FAX: (302) 573-2507

E-mail Address  
lmp@hkcjg.com

December 7, 2005

OUR FILE NO. 1042.00012

United States District Court  
District of Delaware  
J. Caleb Boggs Federal Building  
844 N. King Street  
Wilmington, DE 19801

**RE: APL v. United Supply Co. Ltd., et al.**

To the Honorable Court:

As is set forth in the Complaint filed of record in this matter, American President Lines is an ocean carrier which carried a shipment of frozen shrimp pursuant to a bill of lading issued under the Carriage of Goods by Sea Act. Defendant United Supply Co. Ltd. obtained delivery of the goods due to a clerical error. Defendant United did not and does not have title to the goods, not having taken up the bill of lading and paid for the goods. Rather, the bill of lading is held by a third-party which has demanded delivery of the goods by APL.

This action is brought pursuant to the provisions of Admiralty Rule D to try title and the right of possession to this cargo. Pursuant to the provisions of Rule D, a warrant for arrest is requested. The Marshal will arrest the cargo and deliver it to APL, as substitute custodian, if that appointment is approved by this Court.

Unfortunately, APL does not have a facility in Delaware. Its principal yard for the east coast of the United States is in Kearny, NJ. Consequently, we request the Court's permission to remove the cargo to the APL yard in Kearny. This Court will retain jurisdiction over these goods pursuant to the provisions of *Republic National Bank of Miami v. United States*, 506 US 80 (1992). (Holding that a court properly seized of jurisdiction is not divested of jurisdiction notwithstanding the removal of the *res* from the jurisdiction of the court). Moreover, since this Court's jurisdiction is not based solely on the presence of the *res* but also on its *personam* jurisdiction over the parties, including APL, should this Court determine that APL is not entitled to possession of the goods and order their return, APL will promptly comply.

{1042.00012:YFE0058}

December 7, 2005
Page - 2 -

Attorneys being habitually users of both belt and suspenders, we have also included in our pleadings a request for the replevin of these goods pursuant to the Delaware Replevin Law and Rule 64. Delaware law would be applicable pursuant to this Court's diversity jurisdiction. We do not see any procedural conflict between this Court ordering the arrest of the goods pursuant to Admiralty Rule D and turning them over to APL as substitute custodian and the same result obtaining from the application of the replevin law.

The admission *Pro Hac Vice* to handle this matter is sought for Edward V. Cattell, Jr., Esquire, a member in good standing of the bars of Pennsylvania, New Jersey, and New York as well as the Federal District Courts for each of those jurisdictions, as well as the Court of Appeals for the Third Circuit and Supreme Court of the United States. A motion seeking Mr. Cattell's admission has been filed with the Court. It would be greatly appreciated if the Court would entertain this motion as an initial matter in order that Mr. Cattell may address the Court and answer any questions which the Court may have on the procedural aspects of this case.

Respectfully submitted,

HOLLSTEIN KEATING
CATTELL JOHNSON & GOLDSTEIN P.C.

By: _____
Lynne M. Parker

LMP/yfj

{1042.00012:YFE0058}