IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| APL CO. PTE LTD., | : |
|         Plaintiff, | : |
| v. | :   Civil Action No: |
| UNITED SUPPLY CO. LTD., | : |
|         and | : |
| A cargo of 1700 Cartons of Frozen Shrimp Transported from Khulna, Bangladesh to South Kearny, New Jersey, pursuant to Bill of Lading No. APLU-054094784 dated September 25, 2005, *in rem*, | : |
|         Defendants. | : |

## ORDER APPOINTING SUBSTITUTE CUSTODIAN

The plaintiff, APL Co. Pte. Ltd., by and through its attorneys, Hollstein Keating Cattell Johnson & Goldstein, PC, having filed a Verified Complaint in this matter praying for the attachment and/or seizure of a cargo of 1700 Cartons of Frozen Shrimp Transported from Khulna, Bangladesh to South Kearny, New Jersey, pursuant to Bill of Lading No. APLU-054094784 dated September 25, 2005, (the "Cargo"), and the Court having ordered and authorized the Clerk of the Court to issue a Summons and Warrant of Arrest in rem and a Writ of Replevin, the plaintiff now moves for an Order of Appointment of Substitute Custodian, and in support thereof has submitted the affidavit of Lynne M. Parker, Esq., sworn to on December 7, 2005, and the declaration of Bruce Sheely of December 7, 2005, from which the following appears:

1. It is contemplated that upon the issuance of the Summons and Warrant of Arrest in rem, and the Writ of Replevin and the execution and service thereof by the United States Marshal for the District of Delaware upon the Cargo at Burris Retail Logistics, 111 Reese Avenue, Harrington, DE, 19952, the Cargo shall be taken into possession by the U.S. Marshal and detained until further order of this Court.

2. The United States Marshal for the District of Delaware encourages the appointment of substitute custodians for arrested property.

3. The APL Intermodal Facility, 350 Central Avenue, Kearny, New Jersey, 07032, Tel: 973 465-5937 (the "Terminal") has stored, monitored and provided security for refrigerated cargo since 1988, and has agreed to serve as substitute custodian of the Cargo in place of the U.S. Marshal during the pendency of this suit and until further order of this Court.

4. The Terminal agrees and undertakes to perform the customary services of a substitute custodian, namely: to safely keep and protect the Cargo from removal or damage ("custodial services"). The fees incurred by the Terminal, and that will continue to be incurred by the Terminal, are $120 per day.

5. The Terminal has adequate liability insurance to respond in the event of damages or injury to the Cargo during said substitute custodianship or for damage sustained by third parties due to the negligence of the employees, servants or agents of the Terminal in the performance of the custodial services. A copy of the Terminal's insurance certificate is attached to the supporting declaration of Bruce Sheely.

6. The Terminal agrees to hold harmless and indemnify the United States and the U.S. Marshal from any and all claims whatsoever arising out of the custodial services.

7. The Plaintiff shall continue to pay for the custodial services, and agrees to indemnify the United States and the U.S. Marshal with respect to the costs and expenses of the arrest. Plaintiff agrees to release the United States and the U.S. Marshal from any and all liability and responsibility arising out of the care and custody of the Cargo by the Terminal.

8. Plaintiff agrees, that if an adverse judgment is rendered against it, it will return the Cargo, at its sole expense to Burris Retail Logistics, 111 Reese Avenue, Harrington, DE, 19952, ("Burris") immediately upon an Order of this Court.

NOW, THEREFORE, IT IS HEREBY ORDERED that upon the execution and service of the Summons and Warrant of Arrest in rem and Writ of Replevin upon the Cargo as aforesaid, the United States Marshal shall surrender possession of the Cargo to the Terminal which is hereby appointed substitute custodian, and that upon such surrender the U.S. Marshal shall be discharged from his duties and responsibilities for the safekeeping and protecting the Cargo during the period of arrest and shall be held harmless by the Terminal from any and all claims whatsoever arising out of the said substituted safekeeping and protection, and it is further

ORDERED that the Terminal shall remain the substitute custodian of the Cargo until further order of this Court, and it is further

ORDERED that Plaintiff shall continue to pay for the custodial services and to indemnify the United States and the U.S. Marshal with respect to the costs and expenses of the arrest, and the plaintiff agrees to release the United States and the U.S. Marshal from any and all liability and responsibility arising out of the care and custody of the Cargo by the Terminal, and it is further

ORDERED that the substitute custodian must sign a receipt for the custody of the Cargo, and the U.S. Marshal must attest to the date and time of surrender to the Terminal on a certified copy thereof, and it is further

ORDERED that plaintiff shall immediately, at its sole expense, return the Cargo to Burris if judgment or order adverse to plaintiff is rendered by this Court; and it is further

ORDERED that the plaintiff shall serve a copy of this Order upon the defendant.

Dated: December 8, 2005

_____
UNITED STATES DISTRICT JUDGE