IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| APL CO. PTE LTD., | : |
|       Plaintiff, | : |
| v. | :    Civil Action No: |
| UNITED SUPPLY CO. LTD., | : |
| and | : |
| A cargo of 1700 Cartons of Frozen Shrimp Transported from Khulna, Bangladesh to South Kearny, New Jersey, pursuant to Bill of Lading No. APLU-054094784 dated September 25, 2005, *in rem*, | : |
|       Defendants. | : |

**AFFIDAVIT OF COUNSEL IN SUPPORT OF MOTION FOR
ORDER OF APPOINTMENT OF SUBSTITUTE CUSTODIAN**

STATE OF DELAWARE    )
                              )   ss:
COUNTY OF NEW CASTLE )

      LYNNE M. PARKER, being duly sworn, deposes and says:

      1.    I am a member of the Bar of this Honorable Court and a member of the firm of Hollstein Keating Cattell Johnson & Goldstein, PC, attorneys for the plaintiff herein. I am familiar with the facts and circumstances of this matter and submit this affidavit in support of plaintiff's Motion for an order of Appointment of Substitute Custodian with respect to the impending arrest and/or seizure of the above-captioned cargo that is the subject of this action at Burris Retail Logistics, 111 Reese Avenue, Harrington, DE, 19952 ("Burris").

      2.    My office has been informed that the U.S. Marshal's Service encourages the use of substitute custodians for arrested property. It is therefore necessary to appoint a substitute

{1042.00012:YFE0052}291057.1

custodian, and in this regard, plaintiff has contacted APL Intermodal Terminal, 350 Central Avenue, Kearny, New Jersey, 07032, Tel: 973 465-5937 (the "Terminal"), Attn: Mr. Bruce Sheely, to serve as substitute custodian. The Terminal has stored, maintained and provided security for refrigerated cargo since 1988, and has agreed to serve as substitute custodian for the U.S. Marshal with respect to the arrest of the subject cargo at Burris. The accompanying Declaration of Mr. Bruce Sheely is submitted in further support of the within motion.

    3.    By the declaration of Mr. Sheely, the Terminal states that:

    a.    It agrees and undertakes to safeguard the subject cargo at the Terminal in place of the U.S. Marshal during the pendency of this suit and until further order of this Court, and to perform the customary services of a substitute custodian, namely: to safely keep and protect the subject cargo from removal or damage ("custodial services").

    b.    It has adequate liability insurance to respond in the event of damages or injury to the subject cargo during said substitute custodianship or for damage sustained by third parties due to the negligence of the employees, servants or agents of the Terminal in the performance of the custodial services. A copy of the Terminal's insurance certificate is attached to Mr. Sheely's declaration.

    c.    It agrees to hold harmless and indemnify the United States and the U.S. Marshal from any and all claims whatsoever arising out of the custodial services.

    d.    The total daily charge of the Terminal for providing the custodial services is $120 per day for each container.

    4.    Plaintiff will incur the costs for the custodial services, and agrees to indemnify the United States and the U.S. Marshal with respect to the costs and expenses of the arrest. Plaintiff

{1042.00012:YFE0052}291057.1

agrees to release the United States and the U.S. Marshal from any and all liability and responsibility arising out of the care and custody of the subject cargo by the Terminal.

5.   Plaintiff agrees that if an adverse judgment or order is rendered against plaintiff, the Terminal will return the Cargo, at the sole expense to plaintiff, to Burris immediately upon an Order of this Court.

_____<br>Lynne M. Parker

Sworn to before me this
7th day of December, 2005

_____
Notary Public

DARLENE M. LORE
NOTARY PUBLIC OF NEW JERSEY
Commission Expires 7/6/2008

{1042.00012:YFE0052}291057.1