IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| APL CO. PTE LTD., | : |
| Plaintiff, | : |
| v. | : Civil Action No: |
| UNITED SUPPLY CO. LTD., | : |
| and | : |
| A cargo of 1700 Cartons of Frozen Shrimp Transported from Khulna, Bangladesh to South Kearny, New Jersey, pursuant to Bill of Lading No. APLU-054094784 dated September 25, 2005, *in rem*, | : |
| Defendants. | : |

## AFFIDAVIT OF DONALD A. DAVINER

STATE OF COLORADO    )
                    : ss.
COUNTY OF ARAPAHOE  )

Donald A. Daviner, being duly sworn, deposes and says:

1. I am the United States Senior Manager of Customer Support, Refrigerated Services, of plaintiff, and I am familiar with the facts of this matter. I am authorized to make this affidavit on plaintiff's behalf.

2. This affidavit is submitted in support of plaintiff's motion for an order to show cause why defendant should not be directed to immediately turn over to plaintiff cargo converted by defendant, to which defendant can claim no legal title or right to retain, but which defendant refuses to return to plaintiff for delivery to a third party with the legal title and right of ultimate possession.

{1042.00012:YFE0049}

3. Pursuant to Bill of Lading No. APLU-054094784 dated September 25, 2005 (the "Bill of Lading"), plaintiff agreed to transport a cargo of frozen shrimp (the "Cargo") on behalf of shipper Shampa Ice & Cold Storage Ltd. ("Shampa") from Khulna, Bangladesh, to New York, New York. The Bill of Lading was consigned to the order of Sonali Bank and designated Southern Foods USA, Inc. ("Southern") as Notify Party. Exhibit A to this Affidavit is a copy of both sides of the original endorsed Bill of Lading.

4. On or about October 31, 2005, Southern forwarded the original Bill of Lading, endorsed by Sonali Bank, to plaintiff's South Kearny, NJ, Container Terminal (the "Terminal") and requested delivery instructions.

5. On or about November 15, 2005, the Cargo arrived at the Terminal, but through a clerical error, plaintiff gave delivery instructions to defendant, which then took delivery of the Cargo on or about November 18, 2005, without surrendering an endorsed bill of lading entitling United to possession of the Cargo, and transported it to Burris Retail Logistics, 111 Reese Avenue, Harrington, DE, 19952 ("Burris") for storage, where plaintiff believes the Cargo currently remains.

6. Upon discovering Southern had presented the endorsed Bill of Lading and defendant had not presented any bill of lading, plaintiff contacted United and demanded the return of the Cargo for delivery to Southern, the holder in due course of the endorsed Bill of Lading. However, defendant refused, and continues to refuse, to return the Cargo to plaintiff, despite never presenting an endorsed bill of lading designating United as Consignee or Notify Party or any other document of title or evidence of a right to possession of the Cargo.

7. As a result of defendant's refusal to return the Cargo to plaintiff, Southern submitted a claim to plaintiff for $176,800, representing the value of the Cargo, on December 2,

2005. If defendant does not return and liquidates the Cargo, plaintiff will face damages in the amount of $176,800.

Sworn to before me this
7th day of December 2005

_____
Donald A. Daviner

_____
Notary Public