IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| APL CO. PTE LTD., | : |
| Plaintiff, | : |
| v. | : Civil Action No: 05-850 (SLR) |
| UNITED SUPPLY CO. LTD., | : |
| and | : |
| A cargo of 1700 Cartons of Frozen Shrimp Transported from Khulna, Bangladesh to South Kearny, New Jersey, pursuant to Bill of Lading No. APLU-054094784 dated September 25, 2005, *in rem*, | : |
| Defendants. | : |

## REVISED MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR AN ORDER TO SHOW CAUSE

Plaintiff APL Co. Pte. Ltd. ("APL"), by and through its attorneys, Hollstein Keating Cattell Johnson & Goldstein, PC, respectfully submits this Revised Memorandum of Law in Support of its Motion for an Order to Show Cause why an Order should not be issued pursuant to Fed.R.Civ.P. Rule 64, Fed.R.Civ.P. Admiralty Supplemental Rule D, and/or 10 Del. C. § 3905 directing the immediate release to APL of the defendant cargo of 1700 Cartons of Frozen Shrimp Transported pursuant to Bill of Lading No. APLU-054094784 dated September 25, 2005 (the "Cargo"), for delivery to United Supply or Southern Foods USA as directed by Order of this Court in accordance with the applicable Ocean Bill of Lading. The Cargo is currently in the possession of plaintiff APL as substitute custodian pursuant to the Order of this court.

As explained in the Affidavit of Donald A. Daviner, APL's United States Senior Manager of Customer Support for Refrigerated Services, (filed on December 8, 2005,

{1042.00012:EVC2887}291156.1

Docket No. 11) the Cargo had been wrongfully converted by United by failing to present, upon request, an endorsed Bill of Lading. United then refused to return the Cargo to APL so that the Cargo could be delivered to its proper owner, Southern Foods USA, Inc. ("Southern"), which has presented a properly endorsed Bill of Lading for the Cargo.

On December 15, 2005, defendant United Supply moved for an Order releasing the cargo to it upon the posting of security in the agreed amount of $200,000.00, inclusive of interest and costs. The motion was opposed by APL. On that same date this court granted the motion and issued the Order. The defendant cargo of shrimp remains in APL's custody at this time, as substitute custodian for the United States Marshal. Claimant Southern Foods USA continues to demand the release of the cargo to it pursuant to its properly endorsed Bill of Lading. The Bill of Lading originally issued to United, which United did not take up and pay for, has been returned, through banking channels to APL and been cancelled. If the Cargo is not returned to APL for delivery to Southern Foods, APL will be exposed to liability to Southern for the value of the cargo, which is $176,800.

In light of the forgoing, plaintiff APL requests that this court issue an Order to Show Cause directed to both defendant United and claimant Southern, directing both parties to appear before this court and show cause why this court should not order the cargo be delivered in accordance with the Bill of Lading in force, which APL believes is the Bill of Lading held by Southern Foods, but which APL will leave to the proofs in this case.

## POINT I

## UNITED'S DETENTION OF THE CARGO IS IN VIOLATION OF THE POMERENE ACT

The Pomerene Act, 49 U.S.C.S. § 80111(b)(3)(A) & (B) states:

> [a] common carrier may deliver the goods covered by a bill of lading to—
>
> (3) a person in possession of a negotiable bill if--
>
> (A) the goods are deliverable to the order of that person; or
>
> (B) the bill has been indorsed to that person or in blank by the consignee or another indorsee.

Id. This statutory premise is recited in Allied Chemical International Corp., v. Companhia de Navegacao Lloyd Brasileiro, 775 F.2d 476 (S.D.N.Y. 1985):

> Pursuant to the Pomerene Act, a carrier operating under an order bill of lading is justified in delivering the goods to one lawfully entitled to them or to one in possession of an order bill by the terms of which the goods are deliverable to his order; or which has been indorsed to him, or in blank by the consignee.

Id. at 483-484. In addition:

> Where goods are shipped under an order bill of lading, it would seem logical to include in any definition of proper delivery the fulfillment of the carrier's duty to ensure, absent specific agreement to the contrary, that the cargo is released to the holder of the properly endorsed bill.

Id. at 482, n. 3.

As set forth in Mr. Daviner's Affidavit, the shipper consigned the Bill of Lading to the order of Sonali Bank and designated Southern Foods USA, Inc. ("Southern") as Notify Party. Daviner Aff. ¶ 3 and Exhibit A, Docket No. 11. Southern forwarded the original Bill of Lading, endorsed by Sonali Bank, to plaintiff's South Kearny, NJ, Container Terminal and requested delivery instructions. However, a clerical error

{1042.00012:EVC2887}291156.1        3

resulted in United being notified of the Cargo's arrival, which took delivery without questioning its right to do so. Daviner Aff. ¶ 5, Docket No. 11.

Upon discovering Southern had presented the endorsed Bill of Lading and United had not presented any whatsoever, APL contacted United and demanded the return of the Cargo for delivery to Southern. Daviner Aff. ¶ 6, Docket No. 11. When United refused to return the Cargo, APL requested United to demonstrate title with a properly endorsed Bill of Lading, but United failed to produce any document of title. Daviner Aff. ¶ 6, Docket No. 11.

Under such circumstances, United's refusal to return the Cargo to APL, and ultimately to Southern, is in direct violation of the Pomerene Act and unlawful.

## POINT II

### UNITED HAS UNLAWFULLY CONVERTED THE CARGO FROM THE POSSESION OF APL

The District Court of Delaware has recently stated that:

> Conversion is the "wrongful exercise of dominion over the property of another, in denial of his right, or inconsistent with it." Acierno v. Preit-Rubin, Inc., 199 F.R.D. 157, 165 (D. Del. 2001) (citation omitted). In order to establish a successful conversion claim, [plaintiff] must establish that, at the time of the alleged conversion: (1) it held an interest in the property; (2) it had a right to possession of the property; and (3) [defendant] converted the property. See Arnold v. Society for Sav. Bancorp, Inc., 678 A.2d 533, 536 (Del. 1996).

Liafail, Inc. v. Learning 2000, 2002 U.S. Dist. LEXIS 22620 at *31 (D. Del. 2002)

In this matter, United converted the Cargo from APL's possession by taking advantage of APL's clerical error when it notified the incorrect party of the Cargo's arrival. Without an endorsed Bill of Lading, United has not paid for the cargo and can have no legal title to it whereas Southern has made payment and received an endorsed

Bill of Lading from Sonali Bank. As discussed in the foregoing section, APL holds an interest in the Cargo until delivery is made to the proper holder of the Bill of Lading. Until this is accomplished, APL is entitled to possession of the Cargo. However, United has wrongfully exercised its dominion over the Cargo, denying APL's right to deliver the Cargo to Southern.

## POINT III

### APL IS ENTITLED TO POSSESSION OF THE CARGO THROUGH THE REMEDIES SET FORTH IN FED.R.CIV.P. RULE 64

Fed.R.Civ.P. Rule 64 provides:

> At the commencement of and during the course of an action, all remedies providing for seizure of person or property for the purpose of securing satisfaction of the judgment ultimately to be entered in the action are available under the circumstances and in the manner provided by the law of the state in which the district court is held, existing at the time the remedy is sought, subject to the following qualifications: (1) any existing statute of the United States governs to the extent to which it is applicable; (2) the action in which any of the foregoing remedies is used shall be commenced and prosecuted or, if removed from a state court, shall be prosecuted after removal, pursuant to these rules. The remedies thus available include <u>arrest</u>, attachment, garnishment, <u>replevin</u>, sequestration, and other corresponding or equivalent remedies, however designated and regardless of whether by state procedure the remedy is ancillary to an action or must be obtained by an independent action.

<u>Id</u>. (emphasis added).

APL is seeking relief in this action through the arrest of the Cargo pursuant to Fed.R.Civ.P. Admiralty Supplemental Rule D and by replevin pursuant to 10 <u>Del</u>. <u>C</u>. § 3905 as discussed below. APL respectfully requests that this Court issue an Order to Show Cause so that it may reclaim the Cargo unlawfully taken by United.

## POINT IV

## APL IS ENTITLED TO POSSESSION OF THE CARGO THROUGH FED.R.CIV.P. ADMIRALTY SUPPLENTAL RULE D

Supplemental Rule B states:

> In all actions for possession, partition, and to try title maintainable according to the course of the admiralty practice with respect to a vessel, <u>in all actions so maintainable with respect to the possession of cargo or other maritime property</u>, and in all actions by one or more part owners against the others to obtain security for the return of the vessel from any voyage undertaken without their consent, or by one or more part owners against the others to obtain possession of the vessel for any voyage on giving security for its safe return, the process shall be by a warrant of arrest of the vessel, cargo, or other property, and by notice in the manner provided by Rule B(2) to the adverse party or parties.

<u>Id</u>. (Emphasis added). Supplemental Rule D provides the mechanism for this Court to instruct the Marshal to arrest the Cargo to prevent its disposition until a possessory dispute can be resolved. The procedure for arresting the Cargo lies within Supplemental Rule C(3)(b)(ii):

> If the property that is the subject of the action is other property, tangible or intangible, the warrant and any supplemental process must be delivered to a person or organization authorized to enforce it, who may be: (A) a marshal; (B) someone under contract with the United States; (C) someone specially appointed by the court for that purpose; or, (D) in an action brought by the United States, any officer or employee of the United States.

<u>Id</u>. Finally, Supplemental Rule E(4)(f) provides:

> (f) <u>Procedure for Release from Arrest or Attachment</u>. Whenever property is arrested or attached, any person claiming an interest in it shall be entitled to a prompt hearing at which the plaintiff shall be required to show why the arrest or attachment should not be vacated or other relief granted consistent with these rules.

<u>Id</u>.

In this matter, APL respectfully requests that an Order to Show Cause be issued so that it may demonstrate its right to possession of the Cargo, unless United can prove that it has sufficient document of title to overcome the endorsed Bill of Lading submitted to APL by Southern.

## POINT V

### APL IS ENTITLED TO POSSESSION OF THE CARGO PURSUANT TO 10 DEL. C. § 3905

This Court, thought its Supplemental Jurisdiction, may Order relief pursuant to the state law of Delaware. In this respect, 10 Del. C. § 3905, Delaware's replevin statute, provides:

> When any goods or chattels are unlawfully detained from the owner or the person entitled to the possession thereof, such owner or person may have remedy to recover the same by a civil action.

Id. Plaintiff seeks relief under this statute in addition to Supplemental Rule D.

"Replevin is a form of action for the recovery of personal property which has been taken or withheld from the owner unlawfully." Taylor v. Snyder, 741 A.2d 17 (Del. 1999) (citation omitted). Moreover, "[t]he action of Replevin is available to anyone who claims ownership, or the right to immediate possession of a chattel. 254 A.2d 236, 239 (Del. 1969) (emphasis added; citation omitted).

Pursuant to the Writ of Replevin that APL has respectfully requested this Court to issue, United is summoned to appear to demonstrate its right to possession or ownership of the Cargo. Pursuant to the hearing under the Writ of Replevin and the hearing respectfully requested in APL's Motion for an Order to Show Cause, the right to the possession of the Cargo and its subsequent disposition can be determined.

## POINT VI
## APL IS ENTITLED TO POSSESSION OF THE CARGO AS IT FACES LIABILITY TO SOUTHERN

As required by the Pomerene Act as discussed above, APL has the right to possess the Cargo until delivery to the holder of an endorsed Bill of Lading. In this matter, the holder of such a Bill of Lading is Southern. Despite APL's requests to United to return the Cargo so it could be delivered to Southern or to provide documentation of entitlement to the Cargo, United has done neither. Unless the Cargo, which is perishable and subject to possible loss in value as a result of United's unlawful detention, is returned to APL for ultimately delivery to Southern, APL will be exposed to liability for the value of the Cargo which is at least $176,800.

## CONCLUSION

Pursuant to the authorities and arguments set forth above, APL respectfully requests this Court to issue an Order to Show Cause why an Order should not be issued pursuant to Fed.R.Civ.P. Rule 64, Fed.R.Civ.P. Admiralty Supplemental Rule D, and/or 10 Del. C. § 3905 directing the immediate release of the Cargo to APL upon the ground that the Cargo is being willfully and unlawfully withheld by defendant in contravention of law by defendant United.

Respectfully Submitted,
HOLLSTEIN KEATING
CATTELL JOHNSON & GOLDSTEIN, P.C.

By: _____
Lynne M. Parker, Esq. (No. 2811)
1201 N. Orange Street, Suite 730
Wilmington, Delaware 19801
Phone #: (302) 884-6700
Fax #: (302) 573-2507
Attorneys for APL Co. Pte. Ltd.

Dated: December 19, 2005

{1042.00012:EVC2887}291156.1

8