IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| APL CO. PTE LTD., | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. 05-850-SLR |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED SUPPLY CO. LTD., | ) | |
| | ) | |
| and | ) | |
| | ) | |
| A CARGO OF 1700 CARTONS OF FROZEN SHRIMP TRANSPORTED FROM KHULNA, BANGLADESH TO SOUTH KEARNY, NEW JERSEY, PURSUANT TO BILL OF LADING NO. APLU-054094784 DATED SEPTEMBER 25, 2005, *in rem*, | ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**MOTION FOR ORDER VACATING ARREST**

The *in rem* defendant, "A CARGO OF 1700 CARTONS OF FROZEN SHRIMP TRANSPORTED FROM KHULNA, BANGLADESH TO SOUTH KEARNY, NEW JERSEY, PURSUANT TO BILL OF LADING NO. APLU-054094784 DATED SEPTEMBER 25, 2005" (hereafter "the Goods") by restricted appearance through counsel, hereby moves for an Order vacating the Warrant of Arrest (D.I. 5) and directing Plaintiff to return the Goods to the location of seizure. In the alternative, the *in rem* defendant respectfully requests that the Goods continue to be held by the Substitute Custodian so that factual discovery may proceed in the usual way and

1

ownership of the Goods can be determined on a full evidentiary record. In the further alternative, the *in rem* defendant respectfully requests that if the Court orders the release the Goods to Plaintiff or to "Southern Foods USA", any such release should be conditioned on Plaintiff and Southern Foods giving security in a form and amount acceptable to all parties.

I. **The Warrant of Arrest Should Be Vacated and the Goods Returned to the Place of Seizure.**

Plaintiff APL Co. Pte. Ltd. (APL) asserts two bases for the *ex parte* seizure of the Goods: Supplemental Admiralty Rule D and 10 Del. C. § 3905. Both provisions are inapplicable in the present circumstances.

It is a fundamental proposition that the special remedies under Rule D are available only in cases that fall within the Court's admiralty jurisdiction, *Cary Marine, Inc. v. M/V Papillon*, 872 F.2d 751, 754 (6th Cir. 1989); *Brent v. Thornton*, 91 F. 546, 547 (5th Cir. 1898), and that a plaintiff filing a maritime possessory action must allege that he is a legal owner of the property in question. *The Captain Johnson*, 64 F. Supp. 559, 560 (D.N.J. 1946); *The Helys*, 173 F. 928, 929 (S.D.N.Y. 1909). More particularly, the plaintiff invoking Rule D must demonstrate both that his property was taken from him by means of a maritime tort or a breach of a maritime contract, and that his title to the property is superior to that of the person in possession. *The Blairmore I*, 10 F.2d 35, 37 (2d Cir. 1925) (stating that an admiralty complaint for possession which did not contain any allegation of a maritime tort or breach of a maritime contract was "on its face fatally defective, because it is a prerequisite to the exercise of jurisdiction that the court should be

advised of the facts by which the [plaintiff] thinks himself within the very limited powers of admiralty over the subject-matter").

APL does not allege any commission of a maritime tort or any breach of a maritime contract by United Supply Co., Inc.,[1] the party to whom it delivered the Goods, nor does it assert an ownership interest in the Goods. As a result, the special remedies set forth in the Admiralty Rules are simply inapplicable. Indeed, in *Evergreen Marine Corp. v. Six Consignments of Frozen Scallops*, 806 F. Supp. 291, 294 (D. Mass. 1992), the court squarely held that a carrier may not invoke Rule D to arrest goods which have already been discharged from the vessel and removed from the terminal. On appeal in that case, the carrier did not contest the district court's dismissal of the Rule D claim for lack of subject matter jurisdiction, and the Circuit Court confirmed that admiralty jurisdiction was inapplicable to the carrier's attempt to reclaim the goods and deliver them to another party whom it believed had superior rights. 4 F.3d 90, 93-95 (1st Cir. 1993).

With regard to APL's reliance on 10 Del. C. § 3905, it suffices to say that the statute simply authorizes an *in personam* "civil action" in the usual form, with all the due process protections afforded to any other *in personam* litigant. APL identifies no procedure under Delaware law for effecting an *ex parte* seizure of property without prior notice to the party in possession, and in any event, such a procedure would be unconstitutional. *Fuentes v. Shevin*, 407 U.S. 67 (1972). Moreover, the statute affords a remedy only to "the owner or the person entitled

---

[1] APL does allege that United Supply has forefeited its status as a business entity under Kansas law. This is simply not true. (Certificate of Good Standing issued by Kansas Secretary of State, attached hereto as Exhibit A).

to the possession" of the property. APL is not claiming it owns the Goods or that it is the party entitled to possession; to the contrary, it argues that Southern Foods is the true owner entitled to possession.

**II.    In the Alternative, the Goods Should Remain in the Custody of the Substitute Custodian to Permit the Development of a Full Evidentiary Record.**

United Supply was issued a valid bill of lading by APL and has the superior right to the Goods. APL issued the bill of lading on September 25, 2005, naming United Supply as the notify party. (Exhibit B). Thereafter, as the Goods made their way to the United States, APL consistently took the view that United Supply was in fact the party entitled to receive the Goods. (APL Invoice issued to United Supply for demurrage charges; APL Cargo Availability Notification issued to United Supply; APL Notice of Arrival and Freight Charges issued to United Supply, and APL Shipment Update Alert issued to United Supply, all attached hereto as Exhibit C). Moreover, the Goods themselves were specially packaged and labeled for ultimate delivery to United Supply's customer, the Albertson's/Acme grocery chain.

Now, after having delivered the Goods to the party whom it treated as the proper recipient, APL takes the position that there is a competing bill of lading which entitled Southern Foods to immediate possession of the Goods. Both APL bills of lading bear the same issuance date and shipped-on board date, and thus it appears that APL either back-dated one of the bills or simultaneously issued competing original bills. Either scenario presents serious questions regarding APL's breach of its fundamental duties as a common carrier, and it is manifest that

factual discovery will be necessary to determine who is entitled to possession of the Goods. APL's claim is simply not suitable for summary disposition on an order to show cause.

### III. In the Further Alternative, Any Release of the Goods to APL or Southern Foods Should be Conditioned on APL and/or Southern Foods Giving Adequate Security.

In the event the Court concludes that it has jurisdiction, that APL's invocation of Rule D and 10 Del. C. § 3905 was valid, and that the Goods should be released to APL or Southern Foods, the release of the Goods should be conditioned on APL and Southern Foods posting security in a form and amount satisfactory to all parties.  This will ensure that APL or Southern Foods, having achieved their immediate objective, do not simply abscond with the Goods, and that United Supply, having had property in its possession taken without any opportunity for discovery, will have a meaningful right of recourse should the Court subsequently determine that United Supply was indeed the proper recipient of the Goods.

Respectfully submitted,

PALMER BIEZUP & HENDERSON LLP

Date: December 20, 2005

By:  /s/ Michael B. McCauley
    Michael B. McCauley
    1223 Foulk Road
    Wilmington, DE 19803
    (302) 594-0895
    (302) 478-7625 (fax)
    mccauley@pbh.com
    Attorneys for *In Rem* Defendant

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| _____ | ) | |
| APL CO. PTE LTD., | ) | |
| | ) | |
|     Plaintiff, | ) | CIVIL ACTION NO. 05-850-SLR |
| | ) | |
|     v. | ) | |
| | ) | |
| UNITED SUPPLY CO. LTD., | ) | |
| | ) | |
|     and | ) | |
| | ) | |
| A CARGO OF 1700 CARTONS OF | ) | |
| FROZEN SHRIMP TRANSPORTED | ) | |
| FROM KHULNA, BANGLADESH TO | ) | |
| SOUTH KEARNY, NEW JERSEY, | ) | |
| PURSUANT TO BILL OF LADING | ) | |
| NO. APLU-054094784 DATED | ) | |
| SEPTEMBER 25, 2005, *in rem*, | ) | |
| | ) | |
|     Defendants. | ) | |
| _____ | ) | |

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 20, 2005, I electronically filed the foregoing Motion for Order Vacating Arrest with Clerk of Court using CM/ECF, and served same by e-mail, facsimile, and first-class mail on the following non-registered participants:

    Lynn M. Parker, Esq.
    Hollstein Keating Cattell Johnson & Goldstein P.C.
    1201 N. Orange Street, Suite 730
    Wilmington, DE 19801
    Email:  lparker@hollsteinkeating.com
    Fax:  302 573 2507

Edward V. Cattell, Jr.
Hollstein Keating Cattell Johnson & Goldstein P.C.
Eight Penn Center
1628 John F. Kennedy Blvd.
Suite 2000
Philadelphia, PA 19103
Email:  Ecattell@hollsteinkeating.com
Fax:  215 320 3260

                PALMER BIEZUP & HENDERSON LLP

Date: December 20, 2005        By:  /s/ Michael B. McCauley
                                    Michael B. McCauley (ID 2416)
                                    1223 Foulk Road
                                    Wilmington, DE 19803
                                    (302) 594-0895
                                    (302) 478-7625 (fax)
                                    mccauley@pbh.com