# PALMER BIEZUP & HENDERSON LLP

COUNSELORS AT LAW

**PENNSYLVANIA**
620 CHESTNUT STREET, SUITE 956
PHILADELPHIA, PENNSYLVANIA 191063409
215 625 9900
FAX: 215 625 0185

**MARYLAND**
222 PRINCE GEORGE STREET, SUITE 102
ANNAPOLIS, MARYLAND 21401
410 267 0010
FAX: 410 267 0020

MICHAEL B. MCCAULEY
PARTNER
mccauley@pbh.com

**1223 FOULK ROAD
WILMINGTON, DELAWARE 19803**

302 594 0895 • 302 478 7443
FAX: 302 478 7625
pbh@pbh.com

**NEW YORK**
140 BROADWAY, 46TH FLOOR PMB 46030
NEW YORK, NEW YORK 10005
212 406 1855
FAX: 212 858 7651

**NEW JERSEY**
330 MARKET STREET
CAMDEN, NEW JERSEY 08102
856 428 7717
FAX: 856 338 1008

December 29, 2005

The Honorable Sue L. Robinson                                         Via Email
United States District Court
J. Caleb Boggs Federal Building
844 N. King Street
Room 6124
Wilmington, DE 19801

     Re:    APL Co. Pte, Ltd. v. United Supply Co. et al.
             No. 05-850-SLR
             Our file: 7794-001

Dear Judge Robinson:

     We are writing in response to Plaintiff APL Co. Pte, Ltd.'s (APL's) email request for an Order releasing the goods to Southern Foods USA, Inc. (Southern Foods) upon the posting of security by APL. Because APL did not characterize its request as emergent, we assumed the request would be treated as any other motion, with a response due in ten days. We in fact object to the relief APL has requested on the basis that United Supply Co., Inc. (United) is entitled to possession of the goods.

     The disposition of the goods is the very subject of the ongoing proceeding in this Court, including a further hearing scheduled for January 10, 2006.

     As agreed at the December 21st hearing, United will be filing an answer to the Complaint on or before January 3, 2006, together with a counterclaim against APL and a third-party complaint against Southern Foods.

PBH: 180467.1

**PALMER BIEZUP & HENDERSON** LLP

The Honorable Sue L. Robinson
Re:   APL Co. Pte, Ltd. v. United Supply Co.
December 29, 2005
Page 2
_____

APL identifies no urgency for deviating from the schedule that is already in place. Indeed, before the goods were seized and again at the hearing on December 21st, APL represented that as the substitute custodian it was fully capable of maintaining the goods safely in storage, and there is no indication of changed circumstances in this regard.

APL's proposal is unacceptable because the goods are specially packaged and labeled with the Albertsons/Acme brand name "Village Market," which presents substantial concerns relating to trademark infringement and product liability exposure should the goods be delivered to Southern Foods and then sold to a third party outside the Albertsons/Acme distribution chain.

Inasmuch as APL has concluded that it should post security to stand in lieu of the goods, then logically and on the balance of equities the security should run in favor of Southern Foods and the goods should be released to United, thereby accommodating both APL's request that it be relieved of possession of the goods and also accommodating the important trademark and product liability concerns. We attach hereto a form of Order to this effect.

Respectfully submitted,

PALMER BIEZUP & HENDERSON LLP

By: *Michael B. McCauley*
    Michael B. McCauley

cc:   Lynne M. Parker, Esq.
      Edward V. Cattell, Jr., Esq.

PBH: 180467.1