IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| APL CO. PTE LTD., | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. 05-850-SLR |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED SUPPLY CO. LTD., | ) | |
| | ) | |
| and | ) | |
| | ) | |
| A CARGO OF 1700 CARTONS OF FROZEN SHRIMP TRANSPORTED FROM KHULNA, BANGLADESH TO SOUTH KEARNY, NEW JERSEY, PURSUANT TO BILL OF LADING NO. APLU-054094784 DATED SEPTEMBER 25, 2005, *in rem*, | ) | |
| | ) | |
| Defendants. | ) | |
| UNITED SUPPLY CO., INC., | ) | |
| | ) | |
| Counterclaimant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| APL CO. PTE LTD., | ) | |
| | ) | |
| Counterclaim Defendant. | ) | |

**ANSWER WITH COUNTERCLAIM**

United Supply Co., Inc. (incorrectly referred to in the Complaint as "United Supply Co. Ltd.") (hereinafter "United"), in its own right and as assignee of Sea Harvest Seafood Company,

PBH: 180544.1

1

by and through undersigned counsel, hereby answers the Complaint of Plaintiff APL Co. Pte Ltd. ("APL") as follows:

## PARTIES

1. Admitted in part and denied in part. It is admitted only that APL is a common carrier of goods by water for hire. United is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph 1 of the Complaint and, therefore, denies same.

2. Admitted in part and denied in part. It is admitted only that United is a business entity engaged in the import of goods from abroad, organized under the laws of Kansas with an office and principal place of business at 1805 Grand Avenue, 5th Floor, Kansas City, MO 64108. It is specifically denied that United's status entity under the laws of Kansas has been forfeited.

## JURISDICTION

3. The averments of Paragraph 3 of the Complaint are conclusions of law and, therefore, no response is required. To the extent a response is required, the averments of Paragraph 3 of the Complaint are denied.

## FACTS

4. United is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 4 of the Complaint and, therefore, denies same.

5.      United is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 5 of the Complaint and, therefore, denies same.

6.      Admitted in part and denied in part. It is admitted only that APL gave delivery instructions to United. United is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph 6 of the Complaint and, therefore, denies same.

7.      Admitted in part and denied in part. It is admitted only that APL tendered delivery of the goods to United which took delivery of the goods from APL, and that the goods were transported to Burris Retail Logistics, 111 Reese Avenue, Harrington, DE 19952. The remaining averments in Paragraph 7 of the Complaint are denied.

8.      Admitted in part and denied in part. It is admitted only that APL contacted United demanding surrender of the goods, said demand lacking any basis in law or fact. The remaining averments in Paragraph 8 of the Complaint are denied.

9.      It is admitted only that United properly declined to surrender the goods to APL. The remaining averments in Paragraph 9 of the Complaint are denied.

10.     United is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 10 of the Complaint and, therefore, denies same.

11.     The averments of Paragraph 11 of the Complaint are conclusions of law and, therefore, no response is required. To the extent a response is required, the averments of Paragraph 11 of the Complaint are denied.

12. The averments of Paragraph 12 of the Complaint are conclusions of law and, therefore, no response is required. To the extent a response is required, the averments of Paragraph 12 of the Complaint are denied.

## COUNT I

13. The averments of Paragraph 13 of the Complaint are conclusions of law and, therefore, no response is required. To the extent a response is required, the averments of Paragraph 13 of the Complaint are denied.

## COUNT II

14. The averments of Paragraph 14 of the Complaint are conclusions of law and, therefore, no response is required. To the extent a response is required, the averments of Paragraph 14 of the Complaint are denied.

## COUNT III

15. The averments of Paragraph 15 of the Complaint are conclusions of law and, therefore, no response is required. To the extent a response is required, the averments of Paragraph 15 of the Complaint are denied.

WHEREFORE, United prays that the Complaint be dismissed with prejudice, and that judgment be entered in its favor and against APL, together with costs, attorneys' fees, and such other relief as the Honorable Court may deem appropriate.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

16. The Complaint does not state a claim within the Court's admiralty and maritime jurisdiction.

### SECOND AFFIRMATIVE DEFENSE

17. The Complaint fails to state a claim upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

18. APL is not the real party in interest.

### FOURTH AFFIRMATIVE DEFENSE

19. APL lacks standing to bring the Complaint.

### FIFTH AFFIRMATIVE DEFENSE

20. The Complaint must be dismissed on account of APL's failure to join one or more indispensable parties.

### SIXTH AFFIRMATIVE DEFENSE

21. APL's claims are barred by accord and satisfaction.

### SEVENTH AFFIRMATIVE DEFENSE

22. APL's claims are barred by estoppel, waiver, and/or laches.

### EIGHTH AFFIRMATIVE DEFENSE

23. APL's claims are barred by misconduct, fraud and/or illegality.

WHEREFORE, United prays that the Complaint be dismissed with prejudice, and that judgment be entered in its favor and against APL, together with costs, attorneys' fees, and such other relief as the Honorable Court may deem appropriate.

## COUNTERCLAIM AGAINST APL CO. PTE LTD.

United brings this Counterclaim against APL and avers as follows:

1. On September 25, 2005, at the port of Mongla, Bangladesh, APL received into its custody shipping container No. APRU-5064093 containing 1700 cartons of frozen shrimp (the "Goods") for carriage to Baltimore, Maryland.

2. The seller, Shampa Ice & Cold Storage Ltd. ("Shampa"), agreed that United would receive the Goods as a substitute for a previous shipment purchased from Shampa but which was refused admission to the United States by the Food and Drug Administration.

3. APL accordingly issued a bill of lading designating United as the party to be notified when the Goods reached their destination.

4. APL transported the Goods by sea to San Pedro, California, and thereafter overland to South Kearney, New Jersey, where, pursuant to APL's instructions, United took delivery of the Goods.

5. The Goods were transported by truck to Burris Retail Logistics in Harrington, Delaware, unloaded from shipping container No. No. APRU-5064093, and placed in inventory at Burris for distribution to Albertsons/Acme supermarkets.

6. United incurred further expenses in connection with the importation of the Goods, including insurance, customs and inspection fees, harbor taxes, demurrage and handling costs.

7. At some point while the Goods were in transit and without any notice to United, APL wrongfully issued a second set of original bills of lading covering the same Goods, a knowing violation of international commercial standards.

8. Without any basis in law or fact, APL then caused the issuance of an arrest warrant and the seizure and removal of the Goods from the Burris Retail Logistics warehouse.

### COUNT I - CONVERSION

9. By procuring a warrant of arrest and causing the seizure and unreasonable detention of the Goods, APL wrongfully interfered with United's right of possession and dominion over the Goods, and is liable for damages equal to the value of the Goods at the time of their seizure, for all other losses incurred by United as a consequence of APL's conduct, and for punitive damages.

### COUNT II - TRESPASS TO CHATTELS

10. By procuring a warrant of arrest and causing the seizure and unreasonable detention of the Goods, APL intentionally dispossessed United of its property and is liable for damages equal to the value of the Goods at the time of their seizure, for all other losses incurred by United as a consequence of APL's conduct, and for punitive damages.

### COUNT III - INTERFERENCE WITH BUSINESS RELATIONS

11. By wrongfully issuing a second set of original bills of lading and then procuring a warrant of arrest and causing the seizure and unreasonable detention of the Goods, APL

knowingly caused a breach of the contract between Shampa and United, and is liable for all damages incurred by United as a consequence, together with punitive damages.

### COUNT IV - INTERFERENCE WITH BUSINESS RELATIONS

12.     By wrongfully issuing a second set of original bills of lading, procuring a warrant of arrest and causing the seizure and unreasonable detention of the Goods, APL knowingly interfered with United's business relationship with the Albertsons/Acme supermarket chain, and is liable for all damages incurred by United as a consequence, including inventory disruption and the costs of obtaining cover, together with punitive damages.

WHEREFORE, United prays that judgment be entered in its favor and against APL, together with costs, attorneys' fees, and such other relief as the Honorable Court may deem appropriate.

Respectfully submitted,

PALMER BIEZUP & HENDERSON LLP

Date: January 3, 2006

By:  /s/ Michael B. McCauley
    Michael B. McCauley
    1223 Foulk Road
    Wilmington, DE 19803
    (302) 594-0895
    (302) 478-7625 (fax)
    mccauley@pbh.com
    Attorneys for United Supply Co., Inc.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| APL CO. PTE LTD., | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. 05-850-SLR |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED SUPPLY CO. LTD., | ) | |
| | ) | |
| and | ) | |
| | ) | |
| A CARGO OF 1700 CARTONS OF FROZEN SHRIMP TRANSPORTED FROM KHULNA, BANGLADESH TO SOUTH KEARNY, NEW JERSEY, PURSUANT TO BILL OF LADING NO. APLU-054094784 DATED SEPTEMBER 25, 2005, *in rem*, | ) | |
| | ) | |
| Defendants. | ) | |
| UNITED SUPPLY CO., INC., | ) | |
| | ) | |
| Counterclaimant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| APL CO. PTE LTD., | ) | |
| | ) | |
| Counterclaim Defendant. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on January 3, 2006, I electronically filed the foregoing Answer with Counterclaim using CM/ECF, and served same by e-mail, facsimile, and first-class mail on the following non-registered participants:

PBH: 180422.1

9

Lynn M. Parker, Esq.
Hollstein Keating Cattell Johnson & Goldstein P.C.
1201 N. Orange Street, Suite 730
Wilmington, DE 19801
Email:  lparker@hollsteinkeating.com
Fax:  302 573 2507

Edward V. Cattell, Jr.
Hollstein Keating Cattell Johnson & Goldstein P.C.
Eight Penn Center
1628 John F. Kennedy Blvd.
Suite 2000
Philadelphia, PA 19103
Email:  Ecattell@hollsteinkeating.com
Fax:  215 320 3260

                                              PALMER BIEZUP & HENDERSON LLP

Date: January 3, 2006                      By:  /s/ Michael B. McCauley
                                                Michael B. McCauley (ID 2416)
                                                1223 Foulk Road
                                                Wilmington, DE 19803
                                                (302) 594-0895
                                                (302) 478-7625 (fax)
                                                mccauley@pbh.com
                                                Attorneys for United Supply Co., Inc.