IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| APL CO. PTE LTD., | : |
| Plaintiff, | : |
| v. | : Civil Action No: 05-850 (SLR) |
| UNITED SUPPLY CO. LTD., | : |
| and | : |
| A cargo of 1700 Cartons of Frozen Shrimp Transported from Khulna, Bangladesh to South Kearny, New Jersey, pursuant to Bill of Lading No. APLU-054094784 dated September 25, 2005, *in rem*, | : |
| Defendants. | : |

## ANSWER OF PLAINTIFF APL CO., PTE LTD TO THE COUNTERCLAIM OF UNITED SUPPLY CO., INC.

1. Denied as stated. The Goods were received by APL on September 21 and shipped on board the vessel on September 25, 2005.

2. APL is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 2 of the Counterclaim and, therefore denies same.

3. Denied as stated. It is admitted that APL did issue Bill of Lading No. APLU-054094784 covering the shipment of goods by Shampa Ice and Cold Storage, Ltd. ("Shampa") on which United Supply Co., Inc. ("United") was the "Notify Party". The Bill of Lading was issued pursuant to the instructions of Shampa. APL received no information regarding the payment arrangements between Shampa and United. The Bill of Lading issued, was, however a negotiable bill which required payment for the goods in question.

4. Admitted.

{1042.00012:EVC2901}

5. APL is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 5 of the Counterclaim and, therefore denies same.

6. APL is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 6 of the Counterclaim and, therefore denies same.

7. Denied as stated. It is admitted that while the goods were in transit, upon the request and instructions of Shampa between October 2 and October 17, APL issued a second set of original Bills of Lading covering the goods and changing the destination on October 24.. United had knowledge that it had failed to pay for the goods and that the original Bills of Lading would be returned by its bank, Gold Bank, to APL. Other allegations contained in paragraph 7 are denied.

8. Denied.

9. To the extent that there are allegations of fact contained in paragraph 9 of the counterclaim, they are denied. Otherwise, paragraph 9 appears to consist of conclusions of law to which no answer is required.

10. To the extent that there are allegations of fact contained in paragraph 10 of the counterclaim, they are denied. Otherwise, paragraph 10 appears to consist of conclusions of law to which no answer is required.

11. To the extent that there are allegations of fact contained in paragraph 11 of the counterclaim, they are denied. Otherwise, paragraph 11 appears to consist of conclusions of law to which no answer is required.

12. To the extent that there are allegations of fact contained in paragraph 12 of the counterclaim, they are denied. Otherwise, paragraph 12 appears to consist of conclusions of law to which no answer is required.

WHEREFORE, plaintiff APL prays that judgment be entered in its favor and against defendant United on its Counterclaim together with costs, attorneys fees, and such other relief as this Honorable Court may deem appropriate.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. Defendant United has failed to state a claim for punitive damages under Admiralty and Maritime Law, such damages not being available under the Admiralty and Maritime Law.

### SECOND AFFIRMATIVE DEFENSE

2. Defendant United has failed to state a claim for punitive damages under Delaware law.

### THIRD AFFIRMATIVE DEFENSE

3. The Counterclaim does not state a claim upon which relief can be granted.

### FOURTH AFFIRMATIVE DEFENSE

4. Defendant United lacks standing to assert a claim to the goods, not being a holder of a Bill of Lading.

### FIFTH AFFIRMATIVE DEFENSE

5. Defendant United has waived any right, title, or interest in the in rem defendant, having refused to take up the Bill of Lading and pay for the cargo.

### SIXTH AFFIRMATIVE DEFENSE

6. Defendant United has failed to mitigate its damages.

{1042.00012:EVC2901}

## SEVENTH AFFIRMATIVE DEFENSE

7. Defendant United's claims are barred by the equitable doctrines of "unclean hands", estoppel, and waiver.

## EIGHTH AFFIRMATIVE DEFENSE

8. Defendant United's claims are barred by reason of its own misconduct, fraud, and illegality.

WHEREFORE, plaintiff APL prays that judgment be entered in its favor and against defendant United on its Counterclaim together with costs, attorneys fees, and such other relief as this Honorable Court may deem appropriate.

HOLLSTEIN KEATING
CATTELL JOHNSON & GOLDSTEIN, P.C.

By: _____
Lynne M. Parker, Esq. (No. 2811)
1201 N. Orange Street, Suite 730
Wilmington, Delaware 19801
Phone #: (302) 884-6700
Fax #: (302) 573-2507
Attorneys for Plaintiff APL Co. Pte. Ltd.

Dated: January 6, 2006

{1042.00012:EVC2901}