IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

APL CO. PTE LTD., :
: 
          Plaintiff, :
:
v. : Civil Action No: 05-850 (SLR)
:
UNITED SUPPLY CO. LTD., :
:
          and :
:
A cargo of 1700 Cartons of Frozen Shrimp :
Transported from Khulna, Bangladesh to :
South Kearny, New Jersey, pursuant to Bill :
of Lading No. APLU-054094784 dated :
September 25, 2005, *in rem*, :
:
          Defendants. :

## ANSWER OF PLAINTIFF APL CO. PTE., LTD. TO THE MOTION OF DEFENDANT 1700 CARTONS FOR AN ORDER VACATING THE ARREST OF THE GOODS

Defendant 1700 Cartons has filed a Motion for an Order vacating the arrest of a cargo of 1700 cartons of frozen shrimp. The defendant cargo was arrested by the United States Marshal pursuant to an Order issued by this court on December 9, 2005. The basis of the arrest of the cargo was Admiralty Rule D of the Supplemental Admiralty Rules. Plaintiff APL also sought the replevin of the goods, at the time of filing the complaint, pursuant to 10 Del. C. §3905, Delaware's replevin statute.

The matter was referred to the duty judge. Judge Farnan, the duty judge, reviewed the complaint and issued an order that the warrant for arrest be issued by the Clerk. The warrant was duly issued and turned over to the Marshal who, thereupon, arrested the goods.

The court declined to issue the Writ of Replevin at the time of ordering the arrest since the issuance of a Writ of Replevin requires that a return date for a hearing on the Writ be assigned when the Writ is issued. Because the duty judge could not assign a return date on the docket of a court which had not yet been identified, the court declined to issue the Writ of Replevin at that time, without prejudice to reapplication for the writ.

The matter was subsequently assigned by the Clerk to the docket of Chief Judge Sue L. Robinson. APL promptly applied to this court for an Order to Show Cause to the competing claimants for the cargo: defendant United Supply Co., Inc., (hereafter "United"), and Southern Foods USA, Ltd. (hereafter "Southern"). This court entered the Order to Show Cause on December 19, 2005 directing United and Southern to appear at the hearing on December 21, 2005. The hearing on the Order was held on December 21, 2005, at 1:00 pm.

Plaintiff APL and claimant Southern appeared at the hearing and provided testimony as to Southern's entitlement pursuant to fully negotiated bills of lading duly surrendered to APL. (Exhibit APL-2, in evidence). Defendant United did not appear. Counsel for the *in rem* cargo appeared by special appearance pursuant to Admiralty Rule E.

At 5:30, on the evening of December 20, 2005, the day before the Show Cause hearing, the *in rem* defendant filed a Motion to Vacate the arrest of the cargo. Plaintiff APL wishes to oppose that Motion and files this Answer in response. It is noted that the court did hear oral argument on the motion at the hearing on December 21, 2005. (Transcript of Hearing, December 21, 2005) This Memorandum will supplement the points made at the hearing.

2

{1042.00012:YFE0001}

I. **The Warrant of Arrest is based upon this Court's Admiralty Jurisdiction arising out of the Bill of Lading issued to Southern Foods USA, Ltd., which is a maritime contract.**

Defendant 1700 cartons, in point 1 of its Memorandum of Law, argues that the Supplemental Admiralty Rules are only applicable to admiralty actions. APL does not contest this point. However, APL does disagree with certain of the conclusions drawn by the defendant 1700 cartons.

Rule D governs an action in which the plaintiff asserts that it is either the title owner of property or is entitled to the possession of the property. A right of possession can arise from facts or circumstances other than title ownership. In the instant case, APL was the ocean carrier of goods under an ocean bill of lading. As the carrier, APL is legally entitled to possession of the goods for which it has issued a bill of lading until they are delivered to the holder of the bill of lading. Furthermore, under the bill of lading, APL has a duty to deliver the goods to the proper consignee. The bill of lading to Southern is the only duly negotiated bill of lading surrendered to APL covering these goods. (Bill of Lading, Exhibit APL-2 in evidence).

The cases cited by defendant 1700 cartons suggesting that Rule D can be invoked when there is a maritime tort alleged are correct. However, those cases focusing on the court's tort jurisdiction do not tell the entire story. The court also has admiralty and maritime contract jurisdiction in this case under the bill of lading issued to Southern, under which the goods have yet to be delivered. The court's admiralty jurisdiction in this case is based on a maritime contract, the ocean bill of lading. That ocean bill of lading, duly negotiated to Southern, remains in force until the goods are delivered pursuant to it.

{1042.00012:YFE0001}

If a tort is needed, APL has alleged a tort in its complaint. In paragraphs 7, 9, and 15, APL has alleged that United has wrongfully converted the cargo. While the conversion of cargo on land may not constitute a maritime tort, it does constitute a tort, none the less. The court's jurisdiction, however, is based on the admiralty contract under 28 U.S.C. §1333.

The case of *Evergreen Marine Corp. v. 6 Consignments of Frozen Scallops*, 4 F.3d 90 (1st Circuit 1993), cited to the court in defendant 1700 carton's brief and discussed at oral argument, is almost entirely on point. As discussed at the hearing and cited in defendant 1700 cartons' memorandum, that case involved a notified party (Gloucester) which had not paid for the cargo of scallops. Under false pretenses (that it had paid and the bill of lading was on its way) it obtained delivery of the cargo from the ocean carrier (Evergreen). After obtaining possession of the cargo, Gloucester became insolvent. A bank holding an Article 9 security interest from Gloucester, took possession of the scallops. Subsequently, the bank which was the holder in due course of the bill of lading demanded possession of the cargo from Evergreen. Evergreen, of course, could not deliver the cargo since it had already released the cargo to Gloucester. Evergreen demanded return of the cargo from Gloucester and its secured party. The question before both the District Court and the Court of Appeals was which of the two competing banks had the right to possession of the cargo. From the perspective of Evergreen, of course, if the Article 9 secured party prevailed, it would have to pay the holder of the bill of lading the full value of the cargo. That position is directly analogous to that of APL in this case.

{1042.00012:YFE0001}

The District Court, in the *Evergreen* case, incorrectly analogized the delivery of the goods by Evergreen as a sale of goods. The Court of Appeals, in reversing and vacating the decision of the court below, held that an ocean carrier's possession of the goods is not akin to a sale but rather a bailment. Under the circumstances, it was clear that the holder of the bill of lading was entitled to possession over the secured party.

Where, as was the case in Evergreen, a holder in due course of the bill of lading is entitled to possession against an innocent secured third party, surely in this case the holder of the bill of lading (Southern here) is entitled to possession over United which has obtained possession purely by mistake. When given the chance, United refused to pay for the cargo and take up the bill of lading. When it obtained possession of the goods from APL based on APL's mistake, it refused to surrender these goods, converting them to its own use.

## II.   APL is entitled to a Writ of Replevin under 10 Del. C. §3905.

If APL's position with regard to this court's admiralty jurisdiction under the bill of lading and the rights of Southern as the holder of the bill of lading are correct, then this court need not reach the issues regarding the Request for a Writ of Replevin under 10 Del. C. §3905. However, should this court conclude that the admiralty arrest under Rule D was, in some respect deficient, then a Writ of Replevin should issue.

At page 3 of its Memorandum in support of its Motion, defendant 1700 cartons switches to a discussion of APL's Request for a Writ of Replevin, suggesting that a Writ is not authorized by law in the circumstances of this case. APL responds to that argument as follows.

The requirements of the Delaware Code regarding a writ of replevin are set forth in APL's Memorandum and revised Memorandum in Support of the Order to Show Cause. At point V of APL's revised Memorandum (page 7) the requirements of 10 Del. C. §3905 are set forth. In point II of the Memorandum (page 4) APL quotes *Liafail, Inc. v. Learning 2000*, 2002 US Dist. Lexis 22620 at *31 (D. Del. 2002) on the definition of conversion as being the "wrongful exercise of dominion over the property of another, in denial of his right, or inconsistent with it." There is no question that United has maintained possession, control and dominion over the cargo of shrimp to which it has no title or right of possession. This possession constitutes a conversion. Under 10 Del. C. §3905, a party (such as APL) which is denied its right of possession of property, is entitled to a Writ of Replevin recovering such property pending the court's determination of its superior right of possession. APL is entitled to possession over United, and is entitled, indeed required, to deliver to Southern.

United's conversion of the cargo continues. Indeed, when APL sought to post security to obtain possession of the cargo to deliver to Southern, United objected to the release of the cargo on security thus, constructively maintaining its obstruction of APL's and Southern's rights and thus continuing its conversion.

There is no legal argument contained in points II and III of the Memorandum of defendant 1700 cartons. Rather, defendant argues only that the cargo should be maintained in the custody of the substitute custodian pending the development of a full evidentiary record or, in the alternative, the cargo should only be released on posting of security.

A full evidentiary hearing was commenced on the 21st of December and will continue on the 10th of January. This hearing, itself, constitutes the notice and hearing required under the Delaware replevin statute. In the event this court finds any defect in its maritime jurisdiction or the admiralty arrest, it is requested that this court enter a Writ of Replevin ordering the property to be held by APL pursuant to 10 Del. C. §3905 and Federal Rule of Civil Procedure 64 pending this Court's determination of the rights of the parties.

WHEREFORE, it is respectfully submitted that the Motion of defendant 1700 cartons for vacation of the admiralty arrest warrant is without merit and should be denied. To the extent that this court finds that there is any merit in the defendant's motion, it is requested that the court issue the Writ of Replevin prior to vacation of the Writ of Arrest.

          HOLLSTEIN KEATING
          CATTELL JOHNSON & GOLDSTEIN P.C.

By: _____
      Lynne M. Parker, (No. 2811)
      1201 N. Orange Street, Suite 730
      Wilmington, Delaware 19801
      Phone #: (302) 884-6700
      Fax #: (302) 573-2507
      Attorneys for Plaintiff APL Co. Pte. Ltd.

Dated: January 9, 2006

{1042.00012:YFE0001}