IN THE UNITED STATES  DISTRICT COURT
FOR THE DISTRICT OF DELAWARE
IN ADMIRALTY

APL CO FTE LTD.,

      Plaintiff,

-vs.-

UNITED SUPPLY CO. LTD.,

      and

1700 Cartons of Frozen Shrimp,

*in rem,*

      Defendants.

C.A. # 05- 850 (SLR)

## ANSWER & CLAIM OF SOUTHERN FOODS USA, Inc.

**Comes now,** SOUTHERN FOODS USA, Inc., by and through its undersigned attorney, and answers the Complaint and states its claim to the *in rem* Defendant, 1700 Cartons of Frozen Shrimp, as follows:

1) Admitted.
2) Southern Foods USA, Inc. ("Southern") has insufficient information to either admit nor deny this allegation.
3) This is a legal allegation as to jurisdiction for which no admission or denial is required.  To the extent that one is, however, Southern admits that this is a *bona fide* maritime contract case invoking this Court's admiralty jurisdiction with an amount in controversy in excess of $75,000.00.

4) Admitted.
5) Admitted.
6) Admitted.
7) Southern has insufficient information to either admit nor deny this allegation.
8) Admitted.
9) Admitted.
10) Admitted.
11) Admitted.

12) Admitted insofar as the principle amount of $176,800.00 is concerned. Denied insofar as this represents the sum of APL's liability to Southern as the figures does not include either interest and costs due Southern.

13) Admitted.

14) Admitted.

15) Admitted.

## II. CLAIM OF SOUTHERN FOODS USA, Inc.

Southern hereby notices its claim to the *in rem* Defendant, a shipment of 1,700 cartons of frozen shrimp, stating more fully that:

1) Southern has paid at least $176,800.00 in good and valuable consideration entitling it to delivery of the frozen shrimp.

2) Southern is the holder and has presented an endorsed bill of lading naming it as the lawful recipient of the shipment of frozen shrimp.

3) Southern has commercial contracts with buyers of the frozen shrimp which cannot be honored or performed so long as Southern is denied custody of the shrimp.

4) Southern has previously submitted a claim to APL in the amount of $176,800.00 for the shrimp, reflecting its expenditures to ensure delivery of the shrimp, but not including its damages such as interest, legal fees and loss of business and reputation due to its inability to fulfill its own commercial obligations while wrongfully denied possession of the shrimp it had previously purchased.

5) Southern is in no way, shape or manner at fault or negligent in not receiving delivery of the frozen shrimp to which it is lawfully entitled.

WHEREFOR Claimant Southern Foods USA, Inc. joins in the prayers for relief of APL that:

A) Pursuant to FRCP 64, Supplemental Admiralty Rule D and 10 Del.C. §3905, the frozen shrimp be returned to the actual possession of APL; and,

B) That United be assessed damages and costs incurred by Southern by reason of its unlawful conversion of Southern's frozen shrimp; and,

C) That this Court provide any further relief due Southern as may be deemed just, equitable and proper.

Respectfully submitted,

_January 11, 2006_
Dated

_____
PETER E. HESS, Esq.
P.O. Box 7753
Wilmington, DE  19803-7753
(302) 777-1715
DE State Bar I.D. No. 2298

ATTORNEY FOR CLAIMANT
SOUTHERN FOODS USA, Inc.

U.S.D.C.
District of Delaware

APL CO FTE, LTD.

— vs —

United Supply Co., Ltd.
and
1700 Cartons of frozen Shrimp

CA No. 05-850
SLR

CERTIFICATE
OF SERVICE

I hereby certify that the Answer + Claim of
Southern Foods USA, Inc. and my Entry of Appearance
were served by US Mail upon:

Michael McCauley, Esq.
Palmer, Biezup + Henderson
1223 Faulk Rd.
Wilmington DE 19803

Edward Cattell, Esq.
Hollstein, Keating
12th + Orange Sts.
Ste. 730
Wilmington DE 19801

PETER E. HESS, Esq.
PO Box 7753
Wilmington DE 19803-
7753

ATTORNEY FOR
INTERVENOR
SOUTHERN FOODS, Inc.