
IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| APL CO. PTE LTD., <br><br> Plaintiff, <br><br> v. <br><br> UNITED SUPPLY CO. LTD., <br><br> and <br><br> A CARGO OF 1700 CARTONS OF FROZEN SHRIMP TRANSPORTED FROM KHULNA, BANGLADESH TO SOUTH KEARNY, NEW JERSEY, PURSUANT TO BILL OF LADING NO. APLU-054094784 DATED SEPTEMBER 25, 2005, *in rem*, <br><br> Defendants. <br><br> UNITED SUPPLY CO., INC., <br><br> Counterclaimant, <br><br> v. <br><br> APL CO. PTE LTD., <br><br> Counterclaim Defendant. | CIVIL ACTION NO. 05-850-SLR |

## MOTION TO DISSOLVE SECURITY AND DISMISS PLAINTIFF'S CLAIMS

United Supply Co., Inc. (United), by and through undersigned counsel, hereby moves for an order dissolving the security given by United and dismissing Plaintiff APL Co. Pte Ltd.'s claims.

PBH: 182055.1

1

## BACKGROUND

APL filed this suit on the premise that Southern Foods USA, Inc. (Southern) was demanding the same 1700 cartons of frozen shrimp that APL previously delivered to United. APL invoked Admiralty Rule D, had the goods seized and removed from inventory at the Burris warehouse in Harrington, Delaware, reloaded them into a different APL freezer container, and trucked them back to its container yard in Kearny, New Jersey.

United answered APL's complaint and posted a $200,000 irrevocable standby letter of credit to secure the release of the goods. The Court set a discovery schedule, and United served its requests for production of documents on APL and Southern. Southern later filed a written claim to the goods (D.I. 38) but never responded to discovery.

During the telephone conference with the Court on March 9, 2006, Southern's counsel announced that Southern did not wish to produce documents, was withdrawing its claim to the goods, and would not be participating in the litigation. Even though Southern's decision to withdraw from the case left United as the sole claimant to the goods, APL advised the Court that it wished to press on.

# ARGUMENT

**I.    As there is no longer a competing claim to the goods, APL's Rule D action is moot and the security given by United should be dissolved.**

APL's stated purpose in filing the Rule D action was to take the goods from United to satisfy Southern's demand for possession.[1] APL admittedly has no claim to the goods in its own right; rather, it was purportedly acting on behalf of Southern, attempting to regain possession in order to give the goods to a party whom it contended had a superior claim of ownership.

There ceased to be a live controversy with respect to the goods when Southern, the real party in interest, withdrew its claim on the record. In effect, APL's Rule D action is analogous to an interpleader, in which the stakeholder presents the res to the court and joins the competing claimants, who then litigate their claims to the property. If one of two competing claimants subsequently withdraws its claim to the res, the interpleader must be dismissed. 4 *Moore's Federal Practice* § 22.03[1][g], at 38 (3d ed. 2005) (dismissal of an interpleader is warranted "if one of two claimants abandons its claim") (citing *Kennametal, Inc. v. International Union*, 161 F. Supp. 362, 363 (W.D. Pa. 1958)); *see also Phillips, Son & Neal, Inc. v. Borghi & Co.*, 1987 U.S. Dist. LEXIS 11343 (S.D.N.Y. 1987).

By insisting that the Rule D action proceed, APL also disregards the reason it gave for having the goods arrested in the first place, i.e., that it was compelled to take back the goods to appease Southern. As Southern has disavowed any claim to the res, the Rule D action is moot and the security posted by United to stand in place of the goods should be dissolved.

---

[1] United previously filed a motion to vacate the Rule D arrest (D.I. 24) on the grounds that it was invalid as a matter of law, and these points are also incorporated herein.

PBH: 182055.1

3

**II.   APL's claim for damages against United must be likewise be dismissed because APL has sustained no loss in respect of the goods.**

APL's *in personam* claim should likewise be dismissed, as APL has sustained no loss. Instead, APL points to the mere possibility that Southern might sue APL for misdelivery of the goods and prevail. To date Southern has taken no action to prosecute a misdelivery claim against APL, and indeed, such a prospect seems unlikely given Southern's failure to press such a claim against APL in this proceeding and its decision to withdraw from the case rather than respond to discovery.

In any event, APL may not recover damages from United without first being held liable to Southern. As the case stands, APL is attempting to obtain money from United to pay a misdelivery claim which Southern itself has not seen fit to litigate. This is not a proper basis for what is, at bottom, a claim by APL for indemnity. *See, e.g., Lear Corp. v. Johnson Electric Holdings Ltd.*, 353 F.3d 580, 583 (7th Cir. 2003) ("A declaration that A must indemnify B if X comes to pass has an advisory quality; and if the decision would not strictly be an advisory opinion (anathema under Article III) it could be a mistake, because it would consume judicial time in order to produce a decision that may turn out to be irrelevant."); *Empresa Lineas Maritimas Argentinas S.A. v. United States*, 730 F.2d 153, 158 (4th Cir. 1984) (plaintiff's claims for contribution and indemnity held premature where plaintiff had yet to have judgment rendered against it in favor of non-party).

## CONCLUSION

For all these reasons, United respectfully requests that the security be dissolved and that Plaintiff APL Co. Pte Ltd.'s claims be dismissed.

Respectfully submitted,

PALMER BIEZUP & HENDERSON LLP

Date: March 24, 2006

By: /s/ Michael B. McCauley
Michael B. McCauley
1223 Foulk Road
Wilmington, DE 19803
(302) 594-0895
(302) 478-7625 (fax)
mccauley@pbh.com
Attorneys for United Supply Co., Inc.