IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| APL CO. PTE LTD., ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION NO. 05-850-SLR |
| ) | |
| v. ) | |
| ) | |
| UNITED SUPPLY CO. LTD., ) | |
| ) | |
| and ) | |
| ) | |
| A CARGO OF 1700 CARTONS OF ) | |
| FROZEN SHRIMP TRANSPORTED ) | |
| FROM KHULNA, BANGLADESH TO ) | |
| SOUTH KEARNY, NEW JERSEY, ) | |
| PURSUANT TO BILL OF LADING ) | |
| NO. APLU-054094784 DATED ) | |
| SEPTEMBER 25, 2005, *in rem*, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| UNITED SUPPLY CO., INC., ) | |
| ) | |
| Counterclaimant, ) | |
| ) | |
| v. ) | |
| ) | |
| APL CO. PTE LTD., ) | |
| ) | |
| Counterclaim Defendant. ) | |
| ) | |

**REPLY TO APL CO. PTE. LTD.'S OPPOSITION TO MOTION TO
DISSOLVE SECURITY AND DISMISS PLAINTIFF'S CLAIMS**

PBH: 182483.1

United Supply Co., Inc. by and through undersigned counsel, respectfully submits this reply to Plaintiff APL Co. Pte. Ltd.'s Opposition to Motion to Dissolve Security and Dismiss Complaint (D.I. 42).

For the most part APL simply repeats the position it previously took in opposition to United's Motion to Vacate the Arrest (D.I. 24).  APL offers no authority for the proposition that it may independently prosecute a Rule D claim despite the withdrawal of one of the two competing claimants.

According to the traditional "course of the admiralty practice" with which all Rule D possessory actions must comply, the plaintiff prosecuting the action must allege *legal title* to the property in question.  *See The Captain Johnson*, 64 F. Supp. 559, 560 (D.N.J. 1946); *Kynoch v. The S.C. Ives*, 14 F. Cas. 888, 890 (N.D. Ohio 1856).

The First Circuit decision cited by APL in support of its Rule D claim, *Evergreen Marine Corp. v. Six Consignments of Frozen Scallops*, 4 F.3d 90 (1st Cir. 1993), does not even address the validity of a Rule D claim, which had already been dismissed by the district court in that case for lack of admiralty jurisdiction, a dismissal the carrier did not appeal.  The only dispute before the First Circuit was the carrier's claim for conversion damages as a result of having been fraudulently induced to deliver the goods, and there was no suggestion whatsoever in that case that the competing consignee had withdrawn its claim to the goods, as Southern has done here.

APL implies that a private discussion between itself and Southern and the absence of a filing on the docket can somehow negate Southern's statement on the record that it was withdrawing its claim.  An attorney's oral statement on the record is just as effective as a written

withdrawal filed with the Clerk. *Laza v. Reish*, 84 F.3d 578, 580 (2d Cir. 1996); *Boyer v. KRS Computer & Business School*, 171 F. Supp. 2d 950, 957-59 (D. Minn. 2001).

APL's reliance on a replevin theory fails for the reasons previously set forth in United's Motion to Vacate the Arrest (D.I. 24). APL has no independent ownership interest in the goods, and Southern—the party whom APL contends is the actual owner—has withdrawn its claim.

Finally, APL still does not explain why it should be allowed to assert an *in personam* claim for damages for a loss it has not incurred. Indeed, APL seems to recognize as much, stating its dispute with United is not about "money, per se," but rather the proceeds of the letter of credit (the res) given by United to stand in place of the goods. Inasmuch as Southern has withdrawn its claim to that res and APL in its own right has no claim to make, the security should be vacated and the Complaint dismissed.

Respectfully submitted,

PALMER BIEZUP & HENDERSON LLP

Date: April 13, 2006

By: /s/ Michael B. McCauley
Michael B. McCauley
1223 Foulk Road
Wilmington, DE 19803
(302) 594-0895
(302) 478-7625 (fax)
mccauley@pbh.com
Attorneys for United Supply Co., Inc.