

# HOLLSTEIN KEATING
# CATTELL JOHNSON & GOLDSTEIN P.C.

| PENNSYLVANIA OFFICE<br>Suite 2000, Eight Penn Center<br>1628 John F. Kennedy Boulevard<br>Philadelphia PA 19103<br>(215) 320-3260<br>FAX (215) 320-3261 | ATTORNEYS AT LAW<br><br>1201 NORTH ORANGE STREET, SUITE 730<br>WILMINGTON, DE 19801<br>(302) 884-6700 | NEW JERSEY OFFICE<br>Willow Ridge Executive Office Park<br>750 Route 73 South – Suite 301<br>Marlton, NJ 08053<br>(856) 810-8860<br>Fax (856) 810-8861 |
|---|---|---|
| Lynne M. Parker<br>Member NJ, PA & DE Bars | FAX: (302) 573-2507 | E-mail Address<br>lmp@hkcjg.com |

April 18, 2006

The Honorable Sue L. Robinson, Chief Judge
United States District Court
J. Caleb Boggs Federal Building
844 N. King Street, Room 6124
Wilmington, DE 19801

      RE:  **APL Co. Pte, Ltd. v. United Supply Co. et al**
           <u>**Civil Action 05-850 (SLR)**</u>

Dear Judge Robinson:

      We ask leave of court to submit this very brief Sur-Reply to the points made by defendant United Supply Company in their response to our answer to their motion.

      United, in its Reply has cited two older cases stating that the plaintiff must allege "legal title" to the property in question. In fact, the current language of Rule D itself specifically states that a party may avail itself of Rule D by alleging the right of possession as opposed to another party. This position is supported by recent case law, including a case involving both counsel for United and for Southern in this district. In *Privilege Yachting, Inc. v. Teed,* 849 F. Supp. 298 (D. DE. 1994), defendant (represented by Southern's counsel herein) moved to dissolve the arrest of the yacht under Rule D. The motion was opposed by counsel for United herein. The court specifically held that "A possessory action permits a party to adjudicate the right to possession of property that has been wrongfully taken." 849 F. Supp. At 301. Similarly, an older case, *The Bonnie Doon*, 36 F. 770 (D.DE, 1888) held that "Possessory actions may be brought in this court to recover ships, or other property, to which a party is entitled by virtue of a maritime right, being analogous to the common-law actions of replevin and detinue, in which the specific property is recovered, instead of damages." 36 F. at 771. Focusing on the difference between title and possession is the case of *Phoenix Marine Enterprises, Inc. v One Hylas 46' Convertible Sport Fisherman, et al.*, 1987 AMC 2548 (S.D. FL. 1987). In that case the court held:

April 18, 2006
Page - 2 -

"Phoenix does not dispute that it does not have title nor is it seeking to try title to the Vessel, but has it a right to possession of the Vessel by virtue of the February 11, 1987 agreement of the parties. * * * Phoenix claims this is not an action in admiralty to recover or try title, which they admit is in Europa, but is a Rule D claim to *recover* possession rather than to *obtain* original possession. * * * The court finds that Phoenix's Rule D claim is based on a contract under which Europa put the Vessel in Phoenix's possession and Phoenix agreed to refurbish, repair and market that Vessel for future resale. As a necessary and express condition of that contract, Phoenix was granted a legal right to continued possession of the Vessel and as such its claim for possession is cognizable directly under Rule D." 1987 AMC at 2258, (emphasis in original).

Finally, in the context of the difference between the right to possession and title, consider the holding of the Second Circuit Court of Appeals in *The Nellie T*, 235 F. 117 (2d Cir. 1916). The court held:

"The difference between the title of an owner of a vessel and that of a charterer, owner pro hac vice, is but a difference in degree. A right to present possession is as good as an absolute title as against the owner or anybody else who wrongfully disturbs it. A charter is a maritime contract, and when it has been executed by delivery of the vessel no equitable powers are needed by the court for the enforcement of the charterer's right to possession. A possessory suit is in the nature of a common-law action of replevin." 235 F. at 118-119.

With regard to the 1st Circuit decision, *Evergreen Marine Corp. v. Six Consignments of Frozen Scallops*, 4 F.3d 90 (1st Cir. 1993), the goods had been delivered pursuant to the applicable Bill of Lading. Consequently, the lower court found that there was no Rule D claim since the goods had been delivered under the outstanding Bill of Lading. In our case, however, goods have not been delivered pursuant to the outstanding (Southern) Bill of Lading. Rather, the goods were wrongfully obtained by United under false pretenses. The Bill of Lading issued to and surrendered by Southern remains outstanding as far as these goods are concerned.

Moreover, there is outstanding and before the court APL's Delaware State Law Replevin Action which is before the court pursuant to its supplemental jurisdiction.

Finally, APL does not rely on a "private discussion" with counsel for Southern with regard to the withdrawal of a claim. Rather, the failure of counsel to file the appropriate papers stating that claim was withdrawn speaks for itself. Rule 41 governs dismissal of actions. "On the other hand, a defendant cannot assert that plaintiff's conduct effected a dismissal when neither a notice of dismissal nor a stipulation has been filed." 8 Moore's Federal Practice - Civil §41.30. See also, *Jones v. Barone*, 1996 U. S. Dist. LEXIS 989 (E.D. Pa. 1996); *G. A. Thompson & Co. v. Partridge*, 636 F. 2d 945, 951-952 (5th Cir. 1981). The cases cited by United only dealt with a party representing that it would not further pursue certain portions of its claim, and then trying to reverse its position to the detriment of the other party. Here, there has been no detrimental reliance by United on Southern's counsel's statement. If Southern is to be permitted to withdraw its claim and answer in this matter, it must be with prejudice to its right to pursue any further claim against APL.

April 18, 2006
Page - 3 -

     This matter remains outstanding between United which has no legal title to these goods and no right of possession of them and APL, which has a legal right of possession and an obligation to deliver them to another party. The fact that the shrimp has been substituted by a letter of credit does not change the fact that it is the right to possession and control of the *res* which is the issue before this court. That is and remains a true case in controversy between these parties and must be decided.

                                            Respectfully submitted,

                                            __s/     Edward V. Cattell, Jr.__
                                            Lynne M. Parker
                                            Edward V. Cattell, Jr.

EVC/yfj

cc:    Michael McCauley, Esq.
        Peter Hess, Esq.
        Samuel Mok, Esq.
        Matthew James, Esq.
        Jack Greenbaum, Esq.