# PALMER BIEZUP & HENDERSON LLP

COUNSELORS AT LAW

PENNSYLVANIA
620 CHESTNUT STREET, SUITE 956
PHILADELPHIA, PENNSYLVANIA 191063409
215 625 9900
FAX: 215 625 0185

MARYLAND
222 PRINCE GEORGE STREET, SUITE 102
ANNAPOLIS, MARYLAND 21401
410 267 0010
FAX: 410 267 0020

MICHAEL B. MCCAULEY
PARTNER
mccauley@pbh.com

1223 FOULK ROAD
WILMINGTON, DELAWARE 19803

302 594 0895 • 302 478 7443
FAX: 302 478 7625
pbh@pbh.com

NEW YORK
140 BROADWAY, 46TH FLOOR PMB 46030
NEW YORK, NEW YORK 10005
212 406 1855
FAX: 212 858 7651

NEW JERSEY
330 MARKET STREET
CAMDEN, NEW JERSEY 08102
856 428 7717
FAX: 856 338 1008

19 April 2006

The Honorable Sue L. Robinson
United States District Court
J. Caleb Boggs Federal Building
844 N. King Street
Room 6124
Wilmington, DE 19801

      Re:   APL Co. Pte, Ltd. v. United Supply Co. *et al.*
            No. 05-850-SLR
           Our File: 7794-001

Dear Judge Robinson:

      In an attempt to have the last word, APL incorrectly suggests there are new points requiring a "very brief Sur-Reply." Instead, APL's letter of April 18, 2006 serves only to introduce a new point of its own, and to obscure another one.

      In an apparent effort to disparage United, APL makes the statement that, "the goods were wrongfully obtained by United under false pretenses" (April 18 Letter at p. 2). This statement is plainly untrue, and APL knows it. APL's principal witness, Marilyn Kennedy, testified that APL believed United was the party entitled to the goods, notified United to pick them up at the terminal, and voluntarily delivered them to United's trucker at the terminal (Hearing Tr. 12/21/05 at 68, 76-81).

      APL's letter also obscures the point whether it is disputing Southern's withdrawal of its claim as a matter of fact based on APL's discussion with Southern (see APL Brief in Opposition at p. 2); or as it now suggests a point of procedure under Rule 41. In either event the withdrawal is valid. The transcript of the March 9, 2006 telephone conference contains counsel's statement of Southern's withdrawal of its claim, and is filed of record. That statement has not been repudiated by Southern

**PALMER BIEZUP & HENDERSON LLP**

The Honorable Sue L. Robinson
Re:   APL Co. Pte, Ltd. v. United Supply Co.
19 April 2006
Page 2

on the record. Therefore, Southern's notice of dismissal of its claim is duly filed of record, and is valid under Rule 41(a)(1)(i).

        Respectfully submitted,

        PALMER BIEZUP & HENDERSON LLP

        By: *Michael B. McCauley*
           Michael B. McCauley

MMc:lr

cc:   Lynne M. Parker, Esq.
   Edward V. Cattell, Jr., Esq.
   Peter E. Hess, Esq.

PBH: 182622.1