# HKG

## HOLLSTEIN KEATING
## CATTELL JOHNSON & GOLDSTEIN P.C.

PENNSYLVANIA OFFICE
Suite 2000, Eight Penn Center
1628 John F. Kennedy Boulevard
Philadelphia PA 19103
(215) 320-3260
FAX (215) 320-3261

ATTORNEYS AT LAW

1201 NORTH ORANGE STREET, SUITE 730
WILMINGTON, DE 19801
(302) 884-6700

NEW JERSEY OFFICE
Willow Ridge Executive Office Park
750 Route 73 South – Suite 301
Marlton, NJ 08053
(856) 810-8860
Fax (856) 810-8861

Lynne M. Parker
Member NJ, PA & DE Bars

FAX: (302) 573-2507

E-mail Address
lmp@hkcjg.com

May 4, 2006

The Honorable Sue L. Robinson, Chief Judge
United States District Court
J. Caleb Boggs Federal Building
844 N. King Street, Room 6124
Wilmington, DE 19801

> **Re:    APL Co. Pte, Ltd. v. United Supply Co. et al**
> **Civil Action 05-850 (SLR)**

Dear Chief Judge Robinson:

We write to advise the court of a recent development in this matter.

On April 17, 2006, a party denominated Southern Foods, Inc. filed suit against APL Co. Pte Ltd. (plaintiff herein), United Supply Co., Inc. (defendant herein), and Neptune Orient Lines (parent of APL) in the United States District Court for the Southern District of New York (S.D.N.Y. Docket No. 06 CV 2929). The case has been assigned to the docket of the Hon. Harold Baer, Jr. The issues raised in this New York action are the same issues, and we believe that, except for Neptune, which has no involvement, the parties are also the same as in the case before your Honor.

We assume that the party which was intended as the plaintiff in the New York action is, in fact, Southern Foods (USA), Inc., a party to the action before this court. Southern Foods, Inc., according to the records of the New York Secretary of State, is not the same corporation as Southern Foods (USA), Inc., which was the consignee on the Bill of Lading entered into evidence by this court.

It is APL's intention to file a motion to dismiss the action brought by Southern Foods, Inc. on the grounds that Southern Foods, Inc. has no claim, unless counsel seeks to amend as to the name of the party, in which case we would move in the alternative to transfer the case to

{1042.00012:EVC2959}

May 4, 2006
Page - 2 -

Delaware to be heard with the existing case. We would also expect Neptune to move to dismiss for lack of personal jurisdiction.

It would be appropriate to transfer this action to the District of Delaware for consolidation with this action. Judge Baer's procedure, however, requires that motions can not be submitted to the court absent the court's permission. APL wrote to Judge Baer to request such permission, and to proceed on an expedited basis with an Order to Show Cause. Judge Baer has responded that it seems appropriate to transfer this matter to the District of Delaware for consolidation with the action before this court. However, he has also instructed that we communicate with this court to "make sure the Delaware Judge is agreeable". That is the purpose of this letter.

We attach a copy of the complaint filed by Southern in New York and of our co-counsel's letter to Judge Baer, containing his response (please note that a typed version of his handwritten memorandum is also attached).

In order for us to respond to Judge Baer, we request that this court advise us if it is "agreeable" to the transfer and consolidation. All claims as to all parties, except Neptune (who could not have been sued in Delaware due to lack of personal jurisdiction) would then be consolidated before this court.

We have inquired of counsel for United and Southern as to their positions on the transfer. Counsel for Southern Foods, Mr. Samuel Mok, who has been identified to us as new counsel for Southern Foods (USA), Inc. in the instant matter, advised, prior to Judge Baer's response to APL's letter that he opposed the transfer. We have reached out to him since then but have not been able to reach him. We have spoken with counsel for United, who have advised that until United is served, they have no position on transfer.

If the court feels that a conference call to discuss this matter would be helpful, we are at the court's disposal. Otherwise, we would appreciate guidance from this court as to how to respond to Judge Baer. We have electronically filed a copy of this letter of record with the clerk of the court.

Respectfully Yours,

/s/ Edward V. Cattell, Jr.

Edward V. Cattell, Jr.
Hollstein Keating Cattell Johnson & Goldstein, PC
Counsel for Plaintiff, APL Co. Pte. Ltd.

cc:    Hon. Harold Baer, Jr.
       Michael McCauley, Esq.
       Peter Hess, Esq.
       Samuel Mok, Esq.
       Lynne M. Parker, Esq.
       Matthew James, Esq.

May 4, 2006
Page - 3 -

Jack A. Greenbaum, Esq.

# H&B

## HEALY & BAILLIE, LLP

61 Broadway
New York, NY 10006-2834
T: +1 212-943-3980 F: +1 212-425-0131
www.healy.com

JACK A. GREENBAUM
JGREENBAUM@HEALY.COM

DIRECT DIAL (212) 709-9254
DIRECT FAX (212) 487-0354

May 1, 2006

By Fax (212) 805-7901

Hon. Harold Baer, Jr.
United States District Judge
United States District Court
900 Pearl Street
Chambers 2230
New York, NY 10007

          Re:    Southern Foods, Inc. v. Neptune Orient Lines, APL Co. Pte.
                 Ltd. and United Supply Co., Inc.
                 S.D.N.Y. Docket No. 06 CV 2949
                 Our File No. 003595.0053

Dear Judge Baer:

    We represent defendant APL Co. Pte. Ltd. ("APL") in the captioned matter.
Plaintiff's Complaint, which was filed on April 17, 2006, concerns a dispute over
ownership of a cargo of shrimp transported by APL under a bill of lading negotiated to
Southern Foods USA, Inc. (not the plaintiff in this action), but delivered to defendant
United Supply Co., Inc. ("United"). This same dispute is currently being litigated before
the United States District Court for the District of Delaware, *APL Co. Pte. Ltd. v. United
Supply Co., Inc.*, D. Del. No. 05-850 (SLR) in which Southern Foods USA, Inc., has
appeared and claimed ownership of the cargo. Depositions are being conducted and trial
is scheduled for June 5, 2006.

    Due to the impending trial date and the resources that have been and continue to
be expended in the prosecution of the Delaware action, APL wishes to present a Motion
for Summary Judgment or, in the alternative, to transfer this matter to the District of
Delaware for consolidation despite not having been served by plaintiff. Pursuant to this
Court's Individual Practice Rule 3.C.i., defendants in multi-defendant cases must file a
consolidated memorandum of law unless prior permission is granted.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/2/06

Page 2
May 1, 2006

United, which we understand to dispute personal jurisdiction, does not intend to take action until it has been served. Neptune Orient Lines ("Neptune") is a Singapore company with no presence in New York and has no connection to this controversy beyond being a parent company of APL. As it is not a party in the Delaware action and does not meet the transfer requirements, it will need to move for dismissal on separate grounds that would significantly (and at this time, unnecessarily) increase the complexity of the Motion proposed by APL.

Notwithstanding the absences of United and Neptune from a consolidated motion, APL's requested relief will directly serve the interests of all the defendants if (1) plaintiff's action is dismissed in its entirety or, alternatively, (2) this action (except for plaintiff's claims against Neptune) is transferred to the District of Delaware for consolidation prior to the June 5, 2006, trial.

Under such circumstances, APL respectfully requests that the Court grant APL permission to proceed with its proposed Motion. In addition, APL respectfully requests leave to proceed by Order to Show Cause to expedite the disposition of its Motion in light of the June 5, 2006, trial date in the District of Delaware.

Very truly yours,

HEALY & BAILLIE, LLP

By _____
Jack A. Greenbaum

JAG/mhj

cc:    Samuel I. Mok, Esq.
       Attorney for Plaintiff
       (212) 697-7777

       Michael B. McCauley, Esq.
       Attorney for United Supply Co., Inc.
       (215) 625-0185

322958.1

# ENDORSEMENT

My view, if your facts are correctly stated is that the matter already on a District of Delaware Court docket is where this belongs and that they be tried together, but I am neither a party or the Judge in Delaware. If after reading my views to your adversary and making sure the Delaware Judge is agreeable, you can't resolve it you are welcome to proceed to O/S/C.

**Edward Cattell**

| | |
|---|---|
| **From:** | James, Matthew H. [MJames@HEALY.com] |
| **Sent:** | Wednesday, May 03, 2006 10:05 AM |
| **To:** | Edward Cattell |
| **Subject:** | FW: A new fax has arrived from 212 805 7901 (Part 1 of 1) on Channel 1 |



Fax Image.TIF (281
KB)

      Ed,

Here is the letter from the SDNY court.

Matt


Matthew H. James
Healy & Baillie, LLP
61 Broadway
New York, NY 10006
(212) 709-9212
(212) 487-0312 (fax)


-----Original Message-----
From: RightFax E-mail Gateway
Sent: Wednesday, May 03, 2006 9:49 AM
To: James, Matthew H.
Subject: A new fax has arrived from 212 805 7901 (Part 1 of 1) on Channel 1


5/3/2006 9:45:49 AM Transmission Record
     Received from remote ID: 212 805 7901
     Inbound user ID MJAMES, routing code 312
     Result: (0/352;0/0) Successful Send
     Page record: 1 - 4
     Elapsed time: 02:50 on channel 1


Fax Images: [double-click on image to view page(s)]



CHAMBERS OF THE HONORABLE HAROLD BAER, JR.
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007
Fax Transmission From (212) 805-7901

- - - - - - - - - - - - - - - - - - - - - - - - - - - -

TO: Matt James, Esq.

FAX: 212 487 0912

FROM:

DATE: 5/3/06

RE:

NO. OF PAGES, INCLUDING THIS PAGE: 4

IF THERE ARE ANY PROBLEMS
PLEASE CALL: (212) 805-0184

* Please distribute to Plaintiff +
other parties *

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

SOUTHERN FOODS, INC.,

                        Plaintiff,

     - against -

NEPTUNE ORIENT LINES LIMITED, APL CO.
PTE. LTD., and UNITED SUPPLY COMPANY
LTD.,

                 Defendants.

------------------------------------------------------------x

**COMPLAINT**

**06 CV 2949**

**Judge Harold Baer**

**ECF Case**

Plaintiff, **SOUTHERN FOODS, INC.**, through its attorney, **SAMUEL I. MOK, ESQ.**, respectfully alleges upon knowledge with respect to itself and its own actions and upon information and belief as to all other matters as and for its complaint against defendants, **NEPTUNE ORIENT LINES LIMITED, APL CO. PTE. LTD., and UNITED SUPPLY COMPANY, LTD.**, as follows:

### NATURE OF THE ACTION

1.    This is an action for breach of contract, breach of bailment, negligence, conversion and other torts arising out of the wrongful delivery by defendant carriers NEPTUNE ORIENT LINES LIMITED ("NEPTUNE") and APL CO. PTE. LTD. ("APL") to defendant UNITED SUPPLY COMPANY LTD. ("UNITED SUPPLY") of valuable cargo worth approximately two hundred thousand dollars ($200,000.00) that should have been delivered to plaintiff SOUTHERN FOODS, INC. ("SOUTHERN FOODS"). Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §2201, compensatory and punitive damages pursuant to common law as well as an award of costs, disbursements and attorneys fees under the applicable statutes including 28 U.S.C. §1927.

1

## JURISDICTION

2.    This is a case involving admiralty and maritime jurisdiction and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1333. Plaintiff asserts supplemental jurisdiction over the defendants under 28 U.S.C. §1367. Plaintiff requests that this Court exercise pendant jurisdiction over those state law claims arising out of the same common nucleus of operative facts as plaintiff's federal claims. This Court also has diversity jurisdiction under 28 U.S.C. §1332 since the parties are citizens of different states and/or a foreign state and the amount in controversy exceeds $75,000.

## VENUE

3.    Venue is proper in the Southern District pursuant to 28 U.S.C. §1391(b) because plaintiff resides in the Southern District and a substantial part of the events forming the basis of the complaint occurred in the Southern District.

## PARTIES

4.    Plaintiff SOUTHERN FOODS is a domestic business corporation duly organized and existing under the laws of the State of New York with a principal place of business located at 36-33 22nd Street in the City and State of New York. At all relevant times, plaintiff, SOUTHERN FOODS, imported edible goods to the United States from abroad (primarily Bangladesh) for wholesale to local merchants.

5.    Defendant NEPTUNE is a foreign business corporation duly organized under the laws of Singapore with a principal place of business located at 456 Alexandra Road, NOL Building, Singapore, 119962. Upon information and belief, defendant NEPTUNE operated, managed and/or supervised the business affairs of

2

defendant APL including the transactions comprising the delivery errors and omissions at issue.

6.    Defendant APL is a foreign business corporation duly organized under the laws of Singapore with a United States corporate office located at 1111 Broadway, Oakland, California, 94697. Upon information and belief, defendant APL is a wholly-owned subsidiary of defendant NEPTUNE.

7.    Defendant UNITED SUPPLY is a business entity engaged in the import of goods from abroad to the United States. Defendant UNITED SUPPLY is a foreign business corporation duly organized under the laws of the State of Kansas with a principal place of business located at 1805 Grand Boulevard, Fifth Floor, in the City of Kansas City and state of Missouri.

## FACTS

8.    In or around the fall of 2005, plaintiff SOUTHERN FOODS entered into a purchase agreement with a Bangladesh business entity called Shampa Ice & Cold Storage Ltd. whereby plaintiff would receive 1700 cartons of frozen shrimp in exchange for the payment of approximately one hundred and fifty thousand dollars ($150,000.00).

9.    On September 25, 2005, defendant APL agreed to transport the aforesaid merchandise from Khulna, Bangladesh to New York City pursuant to a duly executed Bill of Lading that specifically designated plaintiff SOUTHERN FOODS as the "Notify Party".

10.    On October 31, 2005, plaintiff SOUTHERN FOODS forwarded the original Bill of Lading duly endorsed by Sonali Bank to defendant APL'S South Kearney, New Jersey terminal for the purpose of requesting delivery instructions.

3

11.   On November 15, 2005, the subject cargo arrived at defendant APL'S terminal.   However, defendant APL mistakenly gave delivery instructions to defendant UNITED SUPPLY instead of plaintiff SOUTHERN FOODS.

12.   On November 18, 2005, defendant APL surrendered the subject cargo to defendant UNITED SUPPLY without asking for, let alone reviewing, a duly endorsed bill of lading or any other document that would indicate defendant UNITED SUPPLY was entitled to possession and/or ownership of the goods therein.

13.   Upon information and belief, defendant UNITED SUPPLY took the wrongfully delivered cargo to a warehouse located in the State of Delaware even though it knew that it did not pay for the cargo or have a legitimate basis for doing so.

14.   In or around early December of 2005, plaintiff SOUTHERN FOODS submitted a written claim to defendant APL for the wrongfully delivered cargo. Plaintiff also made a contemporaneous demand to defendant UNITED SUPPLY for the immediate return of its goods.

15.   To date, both defendants have failed to return, adjust or otherwise compensate the plaintiff for its losses despite the complete absence of any cognizable defenses to plaintiff's claims.

16.   In fact, defendant APL has candidly admitted throughout this fiasco that it outright erred in delivering the subject goods to defendant UNITED FOODS due to a purported "clerical error".

17.   Similarly, defendant UNITED SUPPLY does not dispute the fact that it did not have a valid bill of lading when it took possession of the subject goods.

18.   On December 8, 2005, defendant APL commenced an action in Delaware District Court (Civil Action No. 05-850 SLR)) ["Delaware Action"] against defendant

4

UNITED SUPPLY as well as the 1700 cartons of frozen shrimp at issue in an attempt to recover the wrongfully delivered shrimp for itself pursuant to Rule "D" of the Supplemental Rules of the FRCP as well as to ultimately minimize the potential damages it will incur to the plaintiff as a result of the facts stated herein.

19.    Plaintiff SOUTHERN FOODS, INC. was not a party to the above-referenced action although it did briefly appear at a solitary hearing held on or about December 20, 2005 at the special request of the presiding judge for the limited purpose of providing testimony with respect to the particular claims at issue.

20.    The Delaware Action represents the specific interests and claims of possession of defendant APL with respect to the cargo at issue relative to defendant UNITED SUPPLY and does not address in any fashion the liability incurred by the aforementioned defendants in their respective conduct as to plaintiff SOUTHERN FOODS.

21.    As a result of the foregoing, plaintiff SOUTHERN FOODS incurred substantial damages that have yet to be adjudicated, let alone compensated.

### FIRST CAUSE OF ACTION FOR BREACH OF CONTRACT

#### *AS AGAINST DEFENDANTS APL AND NEPTUNE*

22.    Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 21 above as if fully set forth herein.

23.    In or around September of 2005, defendants APL and NEPTUNE, individually and/or vicariously, by and through their agents, servants and/or employees, entered into an agreement pursuant to a written Bill of Lading whereby they promised to transport 1700 cartons of frozen shrimp from Bangladesh to the

United States and deliver the aforesaid cargo to the possession of plaintiff SOUTHERN FOODS.

24.    Plaintiff SOUTHERN FOODS accepted the aforesaid offer by paying defendants valuable consideration in the form of a fee.

25.    Defendants APL and NEPTUNE, individually and/or vicariously, by and through their agents, servants and/or employees breached this agreement by their failure to notify the plaintiff of the cargo's arrival.

26.    Defendants APL and NEPTUNE, individually and/or vicariously, by and through their agents, servants and/or employees breached this agreement by their wrongful notification of the cargo's arrival to defendant UNITED SUPPLY.

27.    Defendants APL and NEPTUNE, individually and/or vicariously, by and through their agents, servants and/or employees breached this agreement by their failure to obtain a proper Bill of Lading for the cargo at issue prior to transferring possession to defendant UNITED SUPPLY.

28.    Defendants APL and NEPTUNE, individually and/or vicariously, by and through their agents, servants and/or employees breached this agreement by their wrongful delivery of the subject cargo to defendant UNITED SUPPLY.

29.    As a result of the foregoing, plaintiff suffered damages.

### SECOND CAUSE OF ACTION FOR BREACH OF BAILMENT

#### *AS TO DEFENDANTS APL AND NEPTUNE*

30.    Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 29 above as if fully set forth herein.

31.    In or around September of 2005, defendants APL and NEPTUNE, individually and/or vicariously, by and through their agents, servants and/or

6

employees was entrusted with the possession of 1700 cartons of frozen shrimp belonging to plaintiff SOUTHERN FOODS for the purpose of transporting the aforesaid property across the sea and into the possession of the plaintiff herein.

32.    Defendants APL and NEPTUNE, individually and/or vicariously, by and through their agents, servants and/or employees failed to return the subject property back to plaintiff SOUTHERN FOODS despite the issuance of written demand therein.

33.    As a result of the foregoing, plaintiff suffered damages.

## THIRD CAUSE OF ACTION FOR NEGLIGENCE

### *AS TO DEFENDANTS APL AND NEPTUNE*

34.    Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 33 above as if fully set forth herein.

35.    Defendants APL and NEPTUNE, individually and/or vicariously by and through their agents, servants and/or employees, owed a duty of care towards the plaintiff as a result of their status as a common carrier by sea for hire.

36.    Defendants APL and NEPTUNE, individually and/or vicariously by and through their agents, servants and/or employees, breached this duty by their failure to properly notify and deliver the subject cargo to the plaintiff SOUTHERN FOODS.

37.    Defendant APL and NEPTUNE, individually and/or vicariously by and through their agents, servants and/or employees, also breached this duty by their wrongful notification and delivery of the subject cargo to the defendant UNITED SUPPLY.

38.    As a result of the foregoing, plaintiff suffered damages.

39.    The foregoing damages were caused solely by the carelessness, negligence and/or recklessness of the defendants APL and NEPTUNE, individually

7

and/or vicariously by and through their agents, servants and/or employees, without any negligence on the part of the plaintiff contributing thereto.

### FOURTH CAUSE OF ACTION FOR CONVERSION

#### *AS TO DEFENDANT UNITED SUPPLY*

40.    Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 39 above as if fully set forth herein.

41.    The wrongfully delivered cargo at issue is currently in the possession of defendant UNITED SUPPLY.

42.    Defendant UNITED SUPPLY exercise of exclusive control over the wrongfully delivered merchandise is unlawful as the goods at issue were paid for and contracted to plaintiff SOUTHERN FOODS.

43.    Defendant UNITED SUPPLY has refused and/or failed to return the subject cargo to plaintiff SOUTHERN FOODS despite the issuance of due demand.

44.    As a result of the foregoing, plaintiff suffered damages.

### FIFTH CAUSE OF ACTION FOR TRESPASS TO CHATTEL

#### *AS TO DEFENDANT UNITED SUPPLY*

45.    Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 44 above as if fully set forth herein.

46.    Defendant UNITED SUPPLY intentionally interfered with the rightful possession of plaintiff SOUTHERN FOODS by taking possession of the subject cargo that was wrongfully delivered by defendant APL.

47.    As an importer of edible goods, defendant UNITED SUPPLY knew or should have known that the value of the subject cargo is largely contingent on the

condition in which it was sold. Even the slightest delay in delivery would significantly diminish the freshness of the frozen shrimp at issue.

48.   Defendant UNITED SUPPLY knew that its wrongful possession of the subject cargo would result in inevitable damage to plaintiff's property because the seafood at issue was highly perishable.

49.   Actual damage to plaintiff's cargo was incurred as a result of the wrongful interception and possession of the defendant UNITED SUPPLY.

## SIXTH CAUSE OF ACTION FOR TORTIOUS INTERFERENCE WITH CONTRACT
### *AS TO DEFENDANT UNITED SUPPLY*

50.   Plaintiff repeats the allegations contained in paragraphs 1 through 48 above as if fully set forth herein.

51.   The importing of perishable foods requires contracts with wholesalers and other firms in the edible goods industry.

52.   Plaintiff SOUTHERN FOODS had contracts with wholesalers and retailers within the industry.

53.   Defendant UNITED SUPPLY knew of the existence of these contracts.

54.   Defendant UNITED SUPPLY knew that taking wrongful possession of plaintiff's cargo would prevent the plaintiff from paying creditors and would ultimately wreak financial havoc and disrepute upon the plaintiff.

55.   Defendant UNITED SUPPLY knew from past business dealings that the property at issue belonged to the plaintiff and that it did not have a cognizable interest in the property.

56.   As a proximate and direct result of defendant UNITED SUPPLY'S wrongful possession of the subject goods, plaintiff SOUTHERN FOODS was unable to

9

perform its obligations under its contracts with third parties and was forced to renege on its contracts with various creditors.

**SEVENTH CAUSE OF ACTION FOR TORTIOUS INTERFERENCE WITH ECONOMIC RELATIONS**

*AS TO DEFEFNDANT UNITED SUPPLY*

57.    Plaintiff repeats the allegations contained in paragraphs 1 through 56 above as if fully set forth herein.

58.    The 1700 cartons of frozen shrimp at issue had a market value of approximately $200, 000.00 immediately prior to the wrongful delivery and possession by the defendants herein.    The aforesaid cargo represented goods the plaintiff anticipated selling to wholesalers, retail businesses and the general public including goods already purchased in advance by current customers.

59.    Defendant UNITED SUPPLY maliciously took possession of the subject cargo in order to prevent the plaintiff continuing business relations with current customers as well as foreclose the possibility of its contracting with future customers.

60.    As a direct and proximate result of this unjustified interference plaintiff SOUTHERN FOODS suffered and continues to suffer damages.

**EIGHTH CAUSE OF ACTION FOR TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE**

*AS TO DEFENDANT UNITED SUPPLY*

61.    Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 60 above as if fully set forth herein.

62.    Plaintiff SOUTHERN FOODS sold imported edible goods to the wholesale and retail public for the past twenty years.

63.    Defendant UNITED SUPPLY interfered with this profitable business relationship by wrongfully taking possession of the cargo at issue even though it knew that it did not have a cognizable interest in the goods.

64.    Defendant UNITED SUPPLY'S sole purpose in taking possession of plaintiff's merchandise was to commercially ruin the business and reputation of SOUTHERN FOODS.

65.    Plaintiff SOUTHERN FOODS suffered permanent and irreparable damages as a direct and proximate result of defendant UNITED SUPPLY'S actions.

### NINTH CAUSE OF ACTION FOR PUNITIVE DAMAGES

66.    Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 65 above as if fully set forth herein.

67.    The aforesaid occurrence and resulting damages to the plaintiff were due to the willful, wanton, reckless and/or malicious conduct of each of the defendants, jointly, severally, and/or vicariously, by and through their alter-egos, agents, servants and/or employees.

68.    The aforesaid occurrence and resulting damages to plaintiff were due to the individual and/or collective conduct of the defendants that reflected utter indifference to the well being of others and specifically the financial safety and well being of the plaintiff.

69.    The aforesaid occurrence and resulting injuries to the plaintiff were due to the individual and/or collective conduct of the defendants which reflected conscious disregard for the well being of others and specifically the financial safety and well being of the plaintiff.

70.    As a result of the foregoing, plaintiff suffered damages.

11

## REQUEST FOR RELIEF

**WHEREFORE,** plaintiff **SOUTHERN FOODS** respectfully requests that judgment be entered as follows

**A.    Declaratory Relief**

1.     A declaration that plaintiff SOUTHERN FOODS is the lawful owner of the valuable cargo at issue.

2.     A declaration that defendant APL breached the terms and conditions of the Bill of Lading dated September 25, 2005 by wrongfully notifying and subsequently delivering possession of the subject cargo to defendant UNITED SUPPLY.

3.     A declaration that defendant UNITED SUPPLY did not have lawful right of title or possession to the subject cargo.

**B.    Compensatory Damages**

1.     Awarding plaintiff on its First, Second and Third Causes of Action against defendants APL and NEPTUNE monetary damages in an amount to be fixed at trial but not less than THREE HUNDRED THOUSAND DOLLARS ($300, 000.00), together with interest thereon.

2.     Awarding plaintiff on its Fourth, Fifth, Sixth, Seventh and Eighth Causes of Action against defendant UNITED SUPPLY monetary damages in an amount to be fixed at trial but not less than FIVE HUNDRED THOUSAND DOLLARS ($500, 000.00), together with interest thereon.

3.     Awarding plaintiff on its Ninth Cause of Action against defendants APL and UNITED SUPPLY, jointly and severally, punitive damages in an amount to be fixed at trial but not less than ONE MILLION DOLLARS ($1,000,000) by reason of the wanton, willful and malicious character of the conduct complained of therein.

4.    An award of costs and disbursements including reasonable attorneys fees to plaintiff.

5.    Such other and further relief as this Court may deem just and proper.

Dated:      New York, New York
            April 8, 2006

                                Yours, etc.,

                                SAMUEL I. MOK, ESQ.
                                Attorneys for plaintiff

                                By: _____
                                      Samuel I. Mok (SM8314)
                                      254 Canal St., Suite 4018
                                      New York, New York 10013
                                      Phone:  (917) 721-2544
                                      Fax:    (212) 697-7777