# H:B

# HEALY & BAILLIE, LLP

61 Broadway
New York, NY 10006-2834
T: +1 212-943-3980   F: +1 212-425-0131
www.healy.com

JACK A. GREENBAUM
JGREENBAUM@HEALY.COM

DIRECT DIAL (212) 709-9254
DIRECT FAX (212) 487-0354

May 11, 2006

**BY HAND**
Hon. Harold Baer, Jr.
United States District Judge
United States District Court
900 Pearl Street
Chambers 2230
New York, NY 10007

> Re:   Southern Foods, Inc. v. Neptune Orient Lines, APL Co. Pte.
>        Ltd. and United Supply Co., Inc.
>        S.D.N.Y. Docket No. 06 CV 2949
>        Our File No. 003595.0053

Dear Judge Baer:

We represent defendant American President Lines Inc. ("APL") and write in response to the letter dated May 9, 2006 from Southern Foods, Inc.'s counsel, Samuel I. Mok, in opposition to our request for permission to submit a motion to dismiss the Complaint or, alternatively, to transfer the case to be heard with a pending case in Delaware.

It is not our purpose to argue the merits of the motion in an exchange of letters, but only to obtain Your Honor's leave to file a motion. Nevertheless, we are constrained to point out a number of incorrect statements in Mr. Mok's letter.

Mr. Mok incorrectly states that APL filed the Delaware action to obtain delivery of the cargo *for itself.* In fact, APL expressly stated in the Delaware action that it seeks the return of the cargo (now, substituted by the proceeds of a $200,000 letter of credit) for delivery to Southern Foods, Inc., the holder of the negotiated bill of lading. The foregoing is specifically set forth in the affidavit of Donald Daviner, APL's U.S. Senior Manager for Customer Support, and the memorandum of law in support of APL's request for an Order to Show Cause why the cargo should not be released to APL (filed the same day as APL's Complaint).

325657.1

Page 2
May 11, 2006

Mr. Mok states "Southern Foods does not have any formal claims pending against either party in the case [in Delaware . . .]. As stated in our letter dated May 1, 2006, Southern Foods USA Inc. filed an Answer and Claim of Owner of the cargo in the Delaware action on January 11, 2006 (Mr. Mok has not addressed the question of why he named Southern Foods, Inc. as a plaintiff, instead of Southern Foods USA, Inc., which is the bill of lading holder and a separate and distinct legal entity). If Mr. Mok means that a Claim of Owner is not the same as an *in personam* claim against a party, such an argument has no impact upon the fact that Southern Foods is nonetheless a party to the Delaware action, where the issue is the same as that raised in his New York action: to whom does the cargo belong, and who is entitled to the letter of credit proceeds, which are a substitute *res* in Delaware. In any event, Southern Foods USA, Inc. has had since January 11, 2006 to amend its claim and answer in Delaware to mirror those it now asserts before this Court.

Mr. Mok incorrectly states that APL argued in its opposition to a motion to dismiss its Delaware Complaint[1] that its claims are "conceptually independent and distinct from any potential claims held by Southern Foods against United Supply." To the contrary, APL argued it has a right to possession of the cargo independent of Southern Foods USA, Inc.'s right as holder of the negotiated bill of lading. Specifically, APL's bailment duty establishes a possessory right superior to that of United, which has no document of title or other instrumentality to demonstrate ownership. Therefore, even if Southern Foods USA, Inc. were to withdraw from the Delaware action, APL still maintained a right to possess the cargo regardless of whether Southern Foods USA, inc. ultimately took possession when tendered or filed another claim elsewhere (such as this very suit).

Mr. Mok argues that no facts link the dispute to Delaware and goes so far as to say that Delaware lacks jurisdiction over the action. Obviously, the fact that United transported and stored the cargo in Delaware adequately accounts for jurisdiction (which the Delaware Court retains over the substitute *res*). Further, the Answer and Claim of Owner of Southern Foods USA, Inc. avails it to the Delaware Court's jurisdiction. The remainder of Mr. Mok's allegations are better suited for and will be addressed in APL's motion should the Court grant leave.

---

[1] United Supply Co., Inc. ("United") filed this motion after Southern Foods USA, Inc. represented to the Delaware Court that it would withdraw its claim to the cargo, which it did not.

Mr. Mok asserts that the amount of the letter of credit in the Delaware action is not sufficient to cover "Southern Food's" damages. But the amount of the letter of credit was based upon Southern Foods USA Inc.'s own claim against APL for $176,800. The letter of credit is actually in the amount of $200,000 to account for interest that could accrue on the claim amount. APL cannot determine how Mr. Mok reaches a claim for $300,000 in light of such facts. In addition, Southern Foods USA, Inc.'s claim against APL is purely for breach of contract of ocean carriage – which sounds in admiralty and negates any tort claim or award of punitive damages.

Mr. Mok asserts that "Southern Foods" will be prejudiced if it must participate in a trial on June 5, 2006 because it is not a party to the Delaware case. As stated above, Southern Foods USA Inc. has been a party to the Delaware action since January 11, 2006, has filed an Answer and Claim of Owner, and has had every opportunity to participate in the ongoing discovery, but refused to do so. The case was filed on December 7, 2005, and Southern Foods USA Inc. participated in the evidentiary hearing that was held on December 21, 2005. It is within the sole discretion of the Judge in Delaware to decide when a case should be tried.

Pursuant to Your Honor's direction, we have written to Judge Robinson and asked whether she would agree to accept this case should the Court order it be transferred, but she has not yet responded and it is unclear if she will do so with the approaching dates for the order, pre-trial conference and trial.

Also at Your Honor's direction, we inquired with the other parties it they object to a transfer. United's counsel advised he took no position as Mr. Mok had not yet served his client. Mr. Mok's current letter establishes his objection to a transfer.

As time is passing, we ask once again for permission to file our motion and for an expedited briefing schedule. Our motion is ready for filing and can easily be converted to a Request for and Order to Show Cause upon the Court's direction.

Very truly yours,

HEALY & BAILLIE, LLP

By
Jack A. Greenbaum

JAG/eb

325657.1

Page 4
May 11, 2006


cc:     Samuel I. Mok, Esq.
        Attorney for Plaintiff
        (212) 697-7777

        Michael B. McCauley, Esq.
        Attorney for United Supply Co., Inc.
        (215) 625-0185