# PALMER BIEZUP & HENDERSON LLP

COUNSELORS AT LAW

PENNSYLVANIA
620 CHESTNUT STREET, SUITE 956
PHILADELPHIA, PENNSYLVANIA 191063409
215 625 9900
FAX: 215 625 0185

MARYLAND
222 PRINCE GEORGE STREET, SUITE 102
ANNAPOLIS, MARYLAND 21401
410 267 0010
FAX: 410 267 0020

MICHAEL B. MCCAULEY
PARTNER
mccauley@pbh.com

1223 FOULK ROAD
WILMINGTON, DELAWARE 19803

302 594 0895 • 302 478 7443
FAX: 302 478 7625
pbh@pbh.com

NEW YORK
140 BROADWAY, 46TH FLOOR PMB 46030
NEW YORK, NEW YORK 10005
212 406 1855
FAX: 212 858 7651

NEW JERSEY
330 MARKET STREET
CAMDEN, NEW JERSEY 08102
856 428 7717
FAX: 856 338 1008

23 May 2006

The Honorable Sue L. Robinson
United States District Court
J. Caleb Boggs Federal Building
844 N. King Street
Room 6124
Wilmington, DE 19801

      Re:   APL Co. Pte, Ltd. v. United Supply Co. *et al.*
             No. 05-850-SLR
             <u>Our File: 7794-001</u>

Dear Judge Robinson:

      We represent United Supply Co., Inc. ("United") and write to advise the Court of a discovery dispute with plaintiff APL.

      United has requested the deposition of Eric Swett, an in-house attorney at APL who was involved in APL's internal factual investigation into the circumstances surrounding the shipment of the shrimp and the issuance of a second set of bills of lading. Mr. Swett communicated with United's principal both by telephone and in writing prior to the lawsuit, and as we understand it, he authorized the filing of the Rule D claim and the arrest of the shrimp.

      APL seeks to suppress access to Mr. Swett simply because he is an attorney. In fact, only communications undertaken for the express purpose of obtaining or giving legal advice are protected. Privilege does not attach where, as here, an individual is acting as a company executive authorizing legal action to seize property, which United, through its counterclaim, contends was wrongful and without proper basis.

PBH: 183304.1

**PALMER BIEZUP & HENDERSON LLP**

The Honorable Sue L. Robinson
Re:   APL Co. Pte, Ltd. v. United Supply Co.
23 May 2006
Page 2
===============================================

      Mr. Swett's familiarity with the APL factual investigation and his knowledge of the circumstances surrounding the seizure of the shrimp is therefore subject to discovery. *E.g., Motorola, Inc. v. Electronic Laboratory Supply Co.*, 1990 U.S. Dist. LEXIS 4716 (E.D. Pa. 1990). Accordingly, United respectfully requests that APL be ordered to produce Mr. Swett for deposition.

                                       Respectfully submitted,

                                       PALMER BIEZUP & HENDERSON LLP

                                       By: *[signature]*
                                          Michael B. McCauley

MMc:lr

cc:   Lynne M. Parker, Esq.
      Edward V. Cattell, Jr., Esq.
      Matthew H. James, Esq.
      Samuel I. Mok, Esq.